461 So.2d 1021 (1985)
Mary P. BLACKSTOCK, Petitioner,
v.
The Honorable Robert H. NEWMAN, As Judge of the Circuit Court of the 11TH Judicial Circuit in and for Dade County, Florida, Respondent.
No. 84-1475.
District Court of Appeal of Florida, Third District.
January 2, 1985.
Rehearing Denied January 30, 1985.
R. Stuart Huff and Patricia A. Peoples, Coral Gables, for petitioner.
Jim Smith, Atty. Gen., and Charles M. Fahlbusch, Asst. Atty. Gen., for respondent.
Before HENDRY, NESBITT and DANIEL S. PEARSON, JJ.
HENDRY, Judge.
Petitioner seeks a writ of prohibition to prevent the Circuit Court for Dade County from bringing her to trial beyond the speedy trial time period.[1]
Petitioner was arrested, taken into custody and released on bail on December 20, 1983. She appeared for arraignment on January 9, 1984 without counsel, although she was not indigent. She requested that she be permitted to obtain counsel; the request was granted with instructions that she report back to the court on her efforts to obtain counsel. No trial date was set at that time. On January 12, 18, 20 and 25 petitioner appeared before the trial court upon continuing instructions to report on her efforts to obtain counsel. No trial date was set. On February 1 petitioner appeared before the court, with counsel; she was arraigned, pled not guilty and for the first time a trial date was set, which was April 9, 1984. A total of 23 days elapsed between petitioner's first required appearance and her arraignment, during which time she sought and obtained counsel.
On April 3, 1984 petitioner made a motion to continue the trial set for April 9. The motion was granted on the ground that the state attorney's office was not available to attend petitioner's scheduled deposition prior to trial. The continuance was charged to the state. The trial was reset for May 21, 1984. On May 21 the trial was continued, on the state's motion, to May 23. On May 23 trial was continued to May 29. On May 29 the trial was continued indefinitely from day to day, either at the state's request or on the court's own motion due to a congested docket, or both.
*1022 On June 7, 1984 a conference was held in the court's chambers to discuss the setting of a trial date. Petitioner's counsel again announced a readiness for trial at anytime up to and including June 17, 1984. On June 7 the court reset the trial date to July 10, 1984, over objections of petitioner's counsel. The trial court took the position that petitioner had waived her rights under the speedy trial rule when she requested time to find an attorney prior to arraignment.
We agree with the state's contention that the request of petitioner for time to employ an attorney constituted a motion for continuance waiving her speedy trial rule rights under Butterworth v. Fluellen, 389 So.2d 968 (Fla. 1980). Any defense request to postpone a case for any period of time, whatever called, constitutes a motion for a continuance waiving speedy trial rule rights under Butterworth. State v. Brown, 412 So.2d 448 (Fla. 5th DCA 1982) (delay of one day still constituted "continuance" waiving speedy trial rule rights.)
By this decision, we do not force appellant to choose between two sixth amendment rights, the right to a speedy trial and the right to counsel, as she asserts. The speedy trial rule is a procedural device only and not a constitutional right. Once the speedy trial rule has been waived, it is supplanted by the constitutional speedy trial period which is measured by tests of reasonableness and prejudice, not specific numbers of days. Brownlee v. State, 427 So.2d 1106 (Fla. 3d DCA 1983); Gallego v. Purdy, 415 So.2d 166 (Fla. 4th DCA 1982).
The writ of prohibition is denied and this cause is remanded to the trial court for further proceedings.
NOTES
[1] Rule 3.191(a)(1) and (4), Fla.R.Crim.P.