PER CURIAM.
This is an appeal by the State from a final judgment of the circuit court discharging an affidavit of violation of probation filed by the State against the defendant. The trial judge dismissed the affidavit with prejudice because he believed that, the defendant having been placed on community control as a youthful offender, the circuit court was without jurisdiction to enter sanctions against the defendant.
The State presents three points on appeal:
*1084 WHETHER THE PROVISIONS OF ARTICLE V, SECTION 4(b)(1) OF THE FLORIDA CONSTITUTION (1980) ARE SELF-EXECUTING AND AFFORD THE STATE THE RIGHT TO APPEAL FROM FINAL JUDGMENTS IN CRIMINAL CASES WHERE DOUBLE JEOPARDY IS NOT A BAR TO FURTHER PROCEEDINGS.
WHETHER, IF THIS COURT DECLINES TO FIND THE STATE HAS A CONSTITUTIONAL OR STATUTORY RIGHT OF APPEAL IN THIS CASE, THIS COURT MAY TREAT THE APPEAL AS A PETITION FOR WRIT OF CERTIORARI.
WHETHER THE TRIAL COURT ERRED IN GRANTING THE MOTION TO DISMISS THE AFFIDAVIT OF VIOLATION OF PROBATION.
Each of these points has previously been certified by the district courts of appeal to the Supreme Court of Florida as a question of great public importance.
Turning to the first point, we hold that the constitutional provision is not self-executing and that the State has no right to appeal a final judgment discharging a defendant when the judgment is based upon the dismissal of an affidavit of violation of probation. We do so upon authority of the reasoning in State v. G.P., 429 So.2d 786 (Fla.3d DCA 1983). Further, as was done in that case, we certify to the Supreme Court of Florida as a question of great public importance the following question:
Are the provisions of Article V, Section 4(b)(1) of the Florida Constitution (1980) self-executing so as to afford the state the right to appeal from a final judgment in a criminal case the same as any other party litigant except where an appeal would be futile under applicable principles of double jeopardy?
Inasmuch as the first point is subject to the certification to the Supreme Court of Florida, we proceed to the State’s second point. We hold that this appeal may not be considered as a petition for certiorari. Again, we rely upon the holding of the Third District Court of Appeal in State v. G.P., 429 So.2d 786 (Fla.3d DCA 1983). We certify to the Supreme Court of Florida as a question of great public importance the following question:
If the answer to the first question is in the negative, may the district court of appeal, utilize the common law writ of certiorari to review the final judgment assuming the elements of the writ are satisfied?
We do not reach appellant’s third point in view of our holding above.
Appeal dismissed.
BOOTH and SHIVERS, JJ., and TILLMAN PEARSON (Ret.), Associate Judge, concur.