488 So.2d 527 (1986)
STATE of Florida, Petitioner,
v.
Frederick K. JONES, Respondent.
No. 67084.
Supreme Court of Florida.
May 15, 1986.
*528 Jim Smith, Atty. Gen., and Andrea Smith Hillyer and Norma J. Mungenast, Asst. Attys. Gen., Tallahassee, for petitioner.
Michael E. Allen, Public Defender and Carl S. McGinnes, Asst. Public Defender, Second Judicial Circuit, Tallahassee, for respondent.
BARKETT, Justice.
This cause is before the Court on petition to review the decision in State v. Jones, 467 So.2d 1083 (Fla. 1st DCA 1985). We have jurisdiction to consider the questions certified therein pursuant to article V, section 3(b)(4) of the Florida Constitution.
The circuit court discharged an affidavit of a violation of probation filed by a probation officer against the defendant. The district court dismissed the state's subsequent appeal in the action, but certified the following as questions of great public importance:
Are the provisions of Article V, Section 4(b)(1) of the Florida Constitution (1980) self-executing so as to afford the state the right to appeal from a final judgment in a criminal case the same as any other party litigant except where an appeal would be futile under applicable principles of double jeopardy?
... .
If the answer to the first question is in the negative, may the district court of appeal utilize the common law writ of certiorari to review the final judgment assuming the elements of the writ are satisfied?
Id. at 1084.
We have already answered both questions in the negative. State v. Creighton, 469 So.2d 735 (Fla. 1985); D.A.E. v. State, 478 So.2d 815 (Fla. 1985); State v. C.C., 476 So.2d 144 (Fla. 1985); State v. G.P., 476 So.2d 1272 (Fla. 1985). We decline the state's invitation to recede from these cases and from our adherence to the general principle that statutes which afford the government the right to appeal in criminal cases should be construed narrowly. See generally Carroll v. United States, 354 U.S. 394, 400, 77 S.Ct. 1332, 1336, 1 L.Ed.2d 1442 (1957).
Accordingly, we reject petitioner's argument that a discharge of an affidavit of a violation of probation should be construed as equivalent to dismissing an information or indictment, thereby bringing such an appeal within the ambit of section 924.07, Florida Statutes.
The district court properly dismissed the state's appeal, and we approve the decision below.
It is so ordered.
*529 ADKINS, OVERTON and McDONALD, JJ., concur.
BOYD, C.J., concurs in part and dissents in part with an opinion, in which EHRLICH and SHAW, JJ., concur.
BOYD, Chief Justice, concurring in part and dissenting in part.
I agree that the Florida Constitution does not confer upon the state the right to appeal adverse orders and judgments rendered by trial courts. We have held in State v. Creighton, 469 So.2d 735 (Fla. 1985), that article five of the constitution allocates jurisdiction among courts but does not confer any substantive rights upon litigants. The right of a litigant to appeal an adverse order or judgment is a substantive right. The right of the state to appeal in a criminal case is determined by reference to statutory conferral of such substantive right.
Regarding the second certified question, my view is that the state, like any other litigant, may seek review by petition for writ of certiorari when the lower court departs from the essential requirements of law. Although the certified question asks whether the common-law writ of certiorari can be utilized "assuming the elements of the writ are satisfied," the district court did not undertake to inquire whether there had been a departure from the essential requirements of law. If the question is simply whether certiorari may be used as an alternative vehicle for obtaining appellate review, then I agree that the answer is in the negative because the statutes determine which orders and judgments of trial courts in criminal cases are appealable by the state. It appears that this Court in recent decisions has singled out the state as a litigant by holding that certiorari is never available to the state in criminal or delinquency cases even though defendants in those cases and litigants in civil cases may still resort to it in accordance with the common-law principles. See, e.g., R.L.B. v. State, 486 So.2d 588 (Fla. 1986); Jones v. State, 477 So.2d 566 (Fla. 1985); State v. G.P., 476 So.2d 1272 (Fla. 1985).
Finally, I dissent to the Court's holding that the final order in this case was not appealable pursuant to statutory authority. Section 924.07(1), Florida Statutes (1983), provides that the state may appeal an "order dismissing an indictment or information or any count thereof." In Whidden v. State, 159 Fla. 691, 32 So.2d 577 (1947), a decision heavily relied upon when we decided State v. Creighton, this Court construed section 924.07(1) and specifically held that it encompassed the dismissal of an affidavit charging the commission of a criminal offense.
We construe the word "information," as used in the statute, to mean the formal complaint required to be made in a court of competent jurisdiction on which the accused may be tried in that court.
Whidden v. State, 159 Fla. at 694, 32 So.2d at 579. See also Balikes v. Speleos, 173 So.2d 735 (Fla. 3d DCA 1965), cert. discharged, 193 So.2d 434 (Fla. 1967). That construction should apply to this case, where the trial court dismissed an affidavit charging probation violation. Violation of probation is a substantive criminal offense. The accused has a right to a hearing and to be represented by counsel. State v. Hicks, 478 So.2d 22 (Fla. 1985). An affidavit charging such criminal offense is a charging document equivalent to an indictment or information.
This view of the legislative intent is supported by reference to section 924.37, Florida Statute (1983), which expressly contemplates appeals by the state from orders dismissing not only indictments and informations but also affidavits.
I would therefore hold that the order in question is appealable pursuant to statutory authorization.
EHRLICH and SHAW, JJ., concur.