502 So.2d 476 (1987)
The STATE of Florida, Appellant,
v.
John H. WASSEL, Appellee.
No. 86-1354.
District Court of Appeal of Florida, Third District.
January 27, 1987.
Rehearing Denied March 10, 1987.
Robert A. Butterworth, Atty. Gen. and Debora J. Turner, Asst. Atty. Gen., for appellant.
Ordonez, Friend & Fleck and Geoffrey C. Fleck, Miami, for appellee.
Before SCHWARTZ, C.J., and DANIEL S. PEARSON and JORGENSON, JJ.
PER CURIAM.
The state appeals from a writ of prohibition precluding the county court from proceeding against the defendant-appellee in a d.u.i. case on speedy trial grounds. We reverse because, when the case was first set for trial a short time after commencement, the defendant moved for and was granted a continuance, thus waiving the benefit of the rule. State ex rel. Butler v. Cullen, 253 So.2d 861 (Fla. 1971); Homer v. State, 358 So.2d 1176 (Fla. 3d DCA 1978), cert. denied, 364 So.2d 886 (Fla. 1978). As in the converse case of State v. Belien, 379 So.2d 446 (Fla. 3d DCA 1980), in which the defendant claimed that no waiver should be applied because the case was filed toward the end of the speedy trial period, we find nothing to support the defendant's contention that there was no waiver because the case was set "too soon" to permit counsel adequately to prepare. The record shows, to the contrary, that having taken the depositions of the investigating officers and been offered a view of the videotape of his *477 client at the scene, Wassel's attorney was as capable as he ever would be to defend his client on the day of trial. His deliberate decision, nevertheless, to move for a continuance carries with it the necessary consequence of effecting a waiver of any rights under the rule.
Reversed.