JORGENSON, Judge.
We affirm the order of the circuit court denying Fonte’s petition for writ of prohibition. Fonte had been arrested and arraigned on two occasions on two separate charges of driving under the influence. At the first arraignment, the trial court made no inquiry as to Fonte’s indigency or ability to retain counsel. At the second arraignment, the trial court stated, “If you want to hire a lawyer, do so, it’s up to you.”
Fonte’s trial on both charges was set for June 11, 1986, a date within the applicable statutory speedy trial period.[1] On that date, the state for the first time certified that Fonte could face incarceration if convicted. Fonte stated that he was not ready for trial and desired a continuance so that he could seek counsel. The trial court granted Fonte’s request for a continuance. On June 25, 1986, a public defender was appointed.
On August 21,1986, Fonte filed a motion to discharge both cases on the ground that the speedy trial periods had expired. The trial court denied the motion and found that Fonte had waived the speedy trial period by requesting a continuance. Fonte pled nolo contendere with a reservation of right to appeal the denial of his motion to discharge. Fonte then petitioned the circuit court acting in its appellate capacity for a writ of prohibition to restrain the trial court from further exercising any jurisdiction in these cases. The circuit court denied Fonte’s petition upon a holding that the defense continuance rendered the speedy trial period inapplicable and that Fonte’s constitutional right to counsel was not infringed by the defense continuance.
We agree with the circuit court that, on these facts, Fonte waived his right to speedy trial. While this situation could have been avoided if the state had been more punctilious in certifying jail time prior to trial, it is axiomatic that a defense postponement waives speedy trial time provisions without requiring an inquiry into fault. Blackstock v. Newman, 461 So.2d 1021 (Fla. 3d DCA), rev. denied, 467 So.2d 999 (Fla.1985); Fla.R.Crim.P. 3.191(d)(3). “The speedy trial rule is a procedural device only and not a constitutional right.” Blackstock, 461 So.2d at 1022. We reject Fonte’s claim that he was placed in the untenable position of choosing between his constitutional right to a speedy trial[2] and his constitutional right to counsel. See Franklin v. State, 473 So.2d 763 (Fla. 1st DCA) (no constitutional violation where de *1038 fendant was required to choose between waiver of speedy trial rights and competency evaluation), modified on other grounds, 473 So.2d 763 (Fla. 1st DCA), appeal dismissed, Owens v. State, 478 So.2d 54 (Fla. 1985). But cf. State ex rel. Johnson v. Edwards, 233 So.2d 393 (Fla.1970) (continuance could not be deemed waiver of defendant’s right to speedy trial where defendant moved for change of venue due to prejudicial pretrial publicity and defendant had made three demands for trial).
For the foregoing reason, we affirm the order denying Fonte’s petition for writ of prohibition.
Affirmed.

. The speedy trial rule is set forth in Fla.R.Crim. P. 3.191 as follows:
Rule 3.191. Speedy Trial
(a)(1). Speedy Trial Without Demand. Except as otherwise provided by this Rule, and subject to the limitations imposed under (b)(1) and (b)(2), every person charged with a crime by indictment or information shall be brought to trial within 90 days if the crime charged be a misdemeanor, or within 175 days if the crime charged is a felony....

. While there exists both a statutory and a constitutional right to a speedy trial, the latter right is not implicated in Fonte’s case. The constitutional speedy trial period is measured by tests of reasonableness and prejudice, not specific numbers of days. Blackstock v. Newman, 461 So.2d 1021, 1022 (Fla. 3d DCA), rev. denied, 467 So.2d 999 (Fla.1985).