SCHWARTZ, Chief Judge.
The state appeals from a judgment in prohibition precluding the further prosecution of criminal charges in the county court on the ground that the speedy trial time had run. We reverse.
Through counsel, the defendant Ms. Phillips filed a written plea of not guilty in the Dade County Circuit Court to two felony charges of battery on a police officer and resisting arrest with violence, in addition to a misdemeanor charge of resisting arrest without violence. At the time the arraignment was scheduled in the circuit court, the charges were reduced to two misdemeanor counts of resisting arrest without violence and one of simple battery and the case was accordingly transferred to the county court. Although she was subsequently twice notified of scheduled arraignments, the defendant neither appeared nor filed a written plea to the misdemeanors in that court. At the third scheduled arraignment, however, which was by-now more than 90 days after arrest, Phillips moved for discharge under the speedy trial rule. See Fla.R.Crim.P. 3.191. The county court denied the motion, holding that her non-appearance at the first two arraignments rendered her “unavailable for trial” under Florida Rule of Criminal Procedure 3.191(e) and thus not entitled to discharge. Fla.R.Crim.P. 3.191(d)(3)(iii). On Ms. Phillips’s petition for prohibition, however, the circuit court granted the writ on the ground that the initial not guilty plea in the circuit court made any county court appearances unnecessary. We do not agree.
Florida Rule of Criminal Procedure 3.191(e) provides that a defendant is not available for trial and therefore may not be discharged under the speedy trial *610 rule “if (1) the person or his counsel fails to attend a proceeding where their presence is required by these RulesThere is no doubt that defendant’s presence is required at an arraignment such as the first two regularly scheduled ones in the county court. See Fla.R.Crim.P. 3.160(a). Nor can we agree that the initial circuit court plea can be properly deemed to stand over, as it were, to the county court charges. See Fla.R.Crim.P. 3.170(a). It is well settled that any material change or amendment to a charging document requires that the defendant again plead to the new information or indictment. Fekany v. State, 111 Fla. 598, 149 So. 590 (1933); State v. Stell, 407 So.2d 642 (Fla. 4th DCA 1981). This principle obviously applies to this case in which two charges were reduced from felonies to misdemeanors with the concomitant effect that the state was no longer required to prove, respectively, that the object of the alleged battery was a police officer and that the defendant resisted her arrest with violence. Both theoretically and practically, the fact that Ms. Phillips had pled not guilty to the more serious charges, which involved vital additional elements of the alleged offenses, does not necessarily require or even indicate that she would similarly plead to the reduced ones.
For these reasons, we determine that Ms. Phillips was required to appear, personally or through counsel, at the county court arraignments, and was therefore unavailable for trial and not entitled to discharge when she did not. See Butterworth v. Fluellen, 389 So.2d 968 (Fla.1980); Blackstock v. Newman, 461 So.2d 1021 (Fla. 3d DCA 1985), pet. for review denied, 467 So.2d 999 (Fla.1985). The judgment in prohibition, which represents a contrary view is
Reversed.