527 So.2d 207 (1987)
The STATE of Florida, Appellant,
v.
Mildred BROWN, Appellee.
No. 87-1484.
District Court of Appeal of Florida, Third District.
November 24, 1987.
Robert A. Butterworth, Atty. Gen., and Susan Odzer Hugentugler, Asst. Atty. Gen., for appellant.
Noel A. Pelella, West Palm Beach, for appellee.
Before SCHWARTZ, C.J., and NESBITT and DANIEL S. PEARSON, JJ.

ON MOTION TO DISMISS
DANIEL S. PEARSON, Judge.
The defendant questions our jurisdiction over the State's appeal from a circuit court order which granted the defendant's petition for writ of prohibition and precluded the county court from trying her because of a violation of the speedy trial rule. Her contention  bottomed on the premise that the order of prohibition being appealed was entered in a criminal case  is that the State's right to appeal is not, as it must be, expressly authorized by Section 924.07, Florida Statutes (1987), or Florida Rule of Appellate Procedure 9.140(c) and that, therefore, the appeal must be dismissed.
The simple answer to the defendant's contention is that her premise is wrong.[1] *208 Her petition for writ of prohibition instituted an original proceeding in the circuit court which challenged the jurisdiction of the county court judge. Art. V, § 5(b), Fla. Const.; Fla.R.App.P. 9.100. The prohibition proceeding does not become a criminal case subject to Section 924.07 simply because the defendant sought to prohibit the continued prosecution of a criminal case against her. The order of prohibition which concluded the proceeding is thus appealable as a matter of right by the State  as it would be by any other litigant  as an appeal from a final order or judgment. Art. V, § 4, Fla. Const.; Fla.R.App.P. 9.030(b). Our decisions have implicitly recognized this. See, e.g., State v. Phillips, 520 So.2d 609 (Fla. 3d DCA 1987); State v. Wassel, 502 So.2d 476 (Fla. 3d DCA 1987).
Accordingly, the defendant's motion to dismiss is denied.
NOTES
[1] In its response to the defendant's motion to dismiss, the State too proceeds on the premise that this is an appeal in a criminal case. Conceding that express authorization for its appeal is necessary and that any provision affording the State the right to appeal in a criminal case is to be construed narrowly, State v. Jones, 488 So.2d 527 (Fla. 1986), the State then argues  and we agree  that an order prohibiting the county court from trying the defendant because of a violation of the speedy trial rule is the functional equivalent of an order discharging the defendant. Cf. State v. Hankerson, 482 So.2d 1386 (Fla. 3d DCA 1986) (State appeal lies from order reducing charge of robbery to theft because it is functional equivalent of order dismissing higher offense); State v. Smulowitz, 482 So.2d 1388 (Fla. 3d DCA 1986) (same). Because orders of discharge and orders of dismissal are likewise indistinguishable, the present appeal  were it in a criminal case  would then come within the express authority given to the State to appeal "[a]n order dismissing an indictment or information." § 924.07(1) Fla. Stat. (1987); see State v. Nieman, 433 So.2d 572, 572-73 n. 1 (Fla. 3d DCA 1983) ("Even if the state's right to appeal is determined to be statutory, chapter 924, Florida Statutes (1981), grants the state a right to appeal from `an order dismissing an indictment or information... .' The semantic distinction between `discharge' and `dismissal' is inconsequential." (citation omitted)).

There is, however, a notion that an order which discharges a defendant and thereby effectively ends judicial labor in a criminal case can be nonetheless viewed as interlocutory. This notion has its roots in efforts to assure that the State would be afforded an appropriate extension of time under the speedy trial rule (a rule of criminal, not appellate, procedure) to bring the defendant to trial after a successful appeal of an order discharging a defendant for a violation of the rule. Before 1977, Florida Rule of Criminal Procedure 3.191(d)(2) provided that the court could extend the time within which a defendant was to be brought to trial for "a period of reasonable and necessary delay resulting from ... interlocutory appeals." By the time this provision was construed in Tucker v. State, 357 So.2d 719 (Fla. 1978), to mean that the court could not extend the speedy trial time to accommodate the State's appeal from a dismissal of an information, Rule 3.191(d)(2) had been presciently amended to permit an extension of speedy trial time "for an appeal by the State from an order dismissing the case." In re Rules of Criminal Procedure, 343 So.2d 1247, 1256 (Fla. 1977). The committee note to the rule inexplicably commented that "[a]n appeal by the State from an order dismissing the case constitutes an interlocutory appeal, and should be treated as such. The additional phrase removes any ambiguity in the existing rule." Id. While the committee quite properly believed that an appeal by the State from a dismissal order should also be a basis for an extension of speedy trial time, it was quite unnecessary to the committee's purpose to declare that an order dismissing the case  ordinarily final  was interlocutory. Happily, the rule in effect since 1981 has consolidated these two types of state appeals and now sensibly provides that the time for trial may be extended for the period consumed by "appeals by the State." In re Rules of Criminal Procedure, 389 So.2d 610, 614 (Fla. 1980).
But the history aside, were this an appeal in a criminal case and were we to consider the order being appealed interlocutory, then the State's right to appeal would be expressly authorized by Florida Rule of Appellate Procedure 9.140(c)(1)(E), which provides that the State may appeal an order "discharging a defendant pursuant to Fla.R.Crim.P. 3.191 [the speedy trial rule]." Despite occasional references to subsection (8) of section 924.07, Florida Statutes, which provides that the State may appeal from "[a]ll other pretrial orders," as the authority for the State's appeal from an interlocutory order, see, e.g., State v. Nieman, 433 So.2d 572 (reciting that the court had jurisdiction over the State's appeal from an order discharging the defendant on speedy trial grounds under several statutes and rules, including Section 924.07(8)), the right to review of interlocutory orders is conferred solely by the Supreme Court of Florida under its rulemaking power. Art. V, § 5(3), Fla. Const. ("The supreme court ... may provide for review by [the district courts of appeal] of interlocutory orders or decrees in matters reviewable by the district courts of appeal."); State v. Smith, 260 So.2d 489 (Fla. 1972). As State v. Smith, 260 So.2d at 491, makes clear, subsection (8) is "a declaration of legislative policy and no more" and would be unconstitutional if treated as effective in authorizing an appeal from an interlocutory order.