527 So.2d 209 (1988)
The STATE of Florida, Appellant,
v.
Mildred BROWN, Appellee.
No. 87-1484.
District Court of Appeal of Florida, Third District.
May 10, 1988.
Rehearing Denied June 15, 1988.
Robert A. Butterworth, Atty. Gen. and Susan Odzer Hugentugler, Asst. Atty. Gen., for appellant.
Essen & Essen and Alan T. Lipson, Miami, for appellee.
Before SCHWARTZ, C.J., and NESBITT and JORGENSON, JJ.
SCHWARTZ, Chief Judge.
The state appeals from a writ of prohibition forbidding the further prosecution of a DUI charge in the county court on speedy trial grounds. See State v. Brown, 527 So.2d 207 (Fla.3d DCA 1987). We reverse because the defendant twice successfully moved for a continuance within the speedy trial period, thus establishing her unavailability for trial at these points in time and effecting a conclusive waiver of her rights under the speedy trial rule, Florida Rule of Criminal Procedure 3.191(d)(3). See State ex rel. Butler v. Cullen, 253 So.2d 861 (Fla. 1971); State v. Wassel, 502 So.2d 476 (Fla. 3d DCA 1987); Homer v. State, 358 So.2d 1176 (Fla. 3d DCA 1978), cert. denied, 364 So.2d 886 (Fla. 1978).
The defendant attempts to invoke a purported exception to this rule set forth in dicta in such cases as State v. Del Gaudio, 445 So.2d 605, 611-12 (Fla. 3d DCA 1984), pet. for review denied, 453 So.2d 45 (Fla. 1984); State v. Banks, 349 So.2d 736 (Fla. 3d DCA 1977); and State ex rel. Gerstein v. Durant, 348 So.2d 405 (Fla. 3d DCA 1977), under which a continuance sought by the defense may nevertheless be "charged" to the prosecution on the ground that it resulted from a state discovery violation. We cannot agree with this position.
*210 While we have grave doubt as to the very existence of a continuance "charged" to the opposite party under the present speedy trial rule, cf. Banks, 349 So.2d at 736 (decided under Rule applicable in 1977); Durant, 348 So.2d at 405 (same), we need not directly pass upon that issue here. This is because the circumstances of this particular case simply do not invoke the Del Gaudio exception. As we read these decisions, the asserted rule which permits a dismissal on speedy trial grounds for a defense-moved continuance to a date beyond the applicable period requires, as it must, both (a) an actual state violation of the discovery rules and (b) a showing that late or inadequate discovery was furnished "at a time which will not enable the defendant to make use of it in the preparation of his defense before the expiration of the speedy trial time limits... ." Del Gaudio, 445 So.2d at 611. The present circumstances fulfill neither of these conditions.
In the first place, the delays supposedly involved relate only to the failure of one of the investigative police officers, who was not to be used as a prosecution witness, to appear at his scheduled deposition and to the fact that the defendant allegedly did not discover the identity of the fire rescue squad members who had transported her from the scene of her drunken driving arrest in time to conveniently depose them before the trial. Neither of these factors makes out a violation by the state of any discovery rule. See State v. Valdez, 443 So.2d 302 (Fla. 3d DCA 1983); State v. Mesa, 395 So.2d 242 (Fla. 3d DCA 1981); State v. Roig, 305 So.2d 836 (Fla. 3d DCA 1974). Second, and perhaps more important, the circumstances were not shown, as required, to have substantially and adversely affected the defendant in her preparation for trial. There was no indication whatever that any of these witnesses possessed information which was at all material or would have been used during the trial, much less that it would have been helpful to the defense. To the contrary, the witnesses in question would seem much more likely to have been potential state witnesses. Any state discovery violation could therefore only have assisted Ms. Brown in preventing their use against her. See Del Gaudio, 445 So.2d at 611. Thus, the alleged state derelictions, even if they existed, could not properly result in conferring the boon of outright dismissal upon her. Were the law otherwise, the rule pronounced in Del Gaudio, under which dismissal may not be imposed as a sanction for a discovery violation except in the most extraordinary circumstances directly relating to prejudice to the defendant, would be swallowed up by an exception under which the same violation would result in dismissal through another route, that of the speedy trial rule. We decline to so hold.
It is apparent in this case, as in a series of others which have recently been before this court,[1] that the defense has made what must be called a spurious attempt to seize upon an immaterial, utterly non-prejudicial glitch in the prosecution in order to secure, not the speedy trial which she obviously did not want, but a speedy dismissal which the circuit court erroneously granted. See Zabrani v. Cowart, 502 So.2d 1257 (Fla. 3d DCA 1986), aff'd, 506 So.2d 1035 (Fla. 1987); State v. Belien, 379 So.2d 446 (Fla. 3d DCA 1980).
Reversed.
NOTES
[1] This case is the fifth appeal of orders in prohibition in which, on essentially identical grounds, DUI defendants have sought to invoke the speedy trial rule to prevent their trials. In Passavant v. State, 523 So.2d 660 (Fla. 3d DCA 1988) (per curiam); Stemas v. State, 522 So.2d 401 (Fla. 3d DCA 1988) (per curiam); and Prusaski v. State, 522 So.2d 400 (Fla. 3d DCA 1988) (per curiam), we affirmed circuit court denials of the writ. In State v. Dube, 527 So.2d 208 (Fla. 3d DCA 1988), we have reversed a judgment granting prohibition on the authority of this opinion.