527 So.2d 947 (1988)
The STATE of Florida, Appellant,
v.
I.A., a Juvenile, Appellee.
No. 87-1554.
District Court of Appeal of Florida, Third District.
July 5, 1988.
Robert A. Butterworth, Atty. Gen., and Margarita Muina Febres, Asst. Atty. Gen., for appellant.
Bennett H. Brummer, Public Defender, and Bruce A. Reich and John H. Lipinski, Sp. Asst. Public Defenders, for appellee.
Before SCHWARTZ, C.J., and FERGUSON and JORGENSON, JJ.
PER CURIAM.
The state appeals from an order of the juvenile division of the circuit court dismissing a petition for delinquency pursuant to Florida Rule of Juvenile Procedure 8.180. Appellee's contention that this court lacks jurisdiction to review the state's appeal of such an order is unfounded. Chapter 39 delineates proceedings relating to *948 juveniles. Section 39.14(1)(b)1, Florida Statutes (1987), specifically authorizes the instant appeal. The statute provides:
39.14 Appeal. 
(1) An appeal from an order of the court affecting a party to the case may be taken to the appropriate district court of appeal within the time and in the manner prescribed by the Florida Appellate Rules by:
* * * * * *
(b) The state, which may appeal from:
1. An order dismissing a petition or any section thereof... .
§ 39.14(1)(b)1, Fla. Stat. (1987).
Having resolved the question of jurisdiction, we address the merits of the appeal and reverse. Dismissal is not an appropriate sanction for the state's discovery violation in the absence of irreparable prejudice to the defendant. State v. Brown, 527 So.2d 209 (Fla. 3d DCA 1988); State v. DelGaudio, 445 So.2d 605, 612 (Fla. 3d DCA), rev. denied, 453 So.2d 45 (Fla. 1984). See also Fla.R.Juv.P. 8.070(i)(1). The record in this case reveals that the state was not remiss in fulfilling its discovery obligations. Moreover, the trial court never made a determination regarding any consequential prejudice from these alleged derelictions as required by Richardson v. State, 246 So.2d 771 (Fla. 1971). Where the claimed omissions are insufficient to warrant the ultimate sanction of dismissal, they may not serve as the predicate for dismissal under the aegis of the speedy trial rule. Brown. Accordingly, the order of discharge is reversed, and the cause is remanded for trial.
Reversed and remanded.