STONE, Judge.
The state appeals a writ of prohibition entered by the circuit court directing a judge of the county court to discharge a criminal defendant on speedy trial grounds. The defendant, Seheer, was charged with driving under the influence. The circuit court determined that a defense motion for continuance should not have been “charged” against the defendant, and that, as a result, the ninety-day speedy trial period under Florida Rule of Criminal Procedure 3.191 expired without a waiver. This court has jurisdiction. See State v. Brown, 527 So.2d 207 (Fla. 3d DCA 1987).
The appellee contends that he was entitled to the continuance because of discovery violations by the state. The defendant demanded discovery on May 12th pursuant to Florida Rule of Criminal Procedure 3.220, and the state’s discovery response was furnished on May 27th. The trial, initially set for June 8th, was continued by the court until June 30th. Depositions of several state witnesses were scheduled for June 23rd. On that date two witnesses, the arresting officer and the officer responsible for maintenance of the breath test device, failed to appear. An Officer Martin who did appear for deposition testified that an officer whose identity he did not know, and who was not one of the investigating officers, transported the defendant by car from the accident scene to the police station.
A defense motion to continue the June 30th trial was granted, but the trial court “charged” the continuance to the defendant. The trial was reset for July, just prior to expiration of the speedy trial period. On July 14th the state supplied the defendant with the name of the transporting officer. At no time did the state indicate it was going to call that officer as a witness. The state subsequently sought, and received, a continuance of the July 16th trial date. The defendant then filed a motion for discharge. The defendant argues that the failure of the officers to appear for deposition, and the state’s delay in amending its discovery response, deprived him of timely discovery, and therefore the motion to continue the June 30th trial did not constitute a waiver of his right to a speedy trial under the rule.
We note that there was no showing of bad faith or misconduct by the state, nor any indication that the failure of the witnesses to appear was willful. No other relief was sought by the defendant and no action was taken by the defense other than to seek the continuance of the trial.
We conclude that the writ of prohibition was erroneously issued. Generally, a defense continuance constitutes a waiver of the speedy trial period. Fonte v. State, 515 So.2d 1036 (Fla. 3d DCA 1987), rev. denied, 525 So.2d 878 (Fla.1988). It cannot be said, as a matter of law, that the witnesses’ failure to appear for deposition, the omission of the driver’s name from the discovery response, or any delay in amending the state’s response prevented a motion to continue from being construed as a waiver of speedy trial. See generally Granade v. Ader, 530 So.2d 1050 (Fla. 3d DCA 1988); State v. Brown, 527 So.2d 209 (Fla. 3d DCA), rev. denied, 534 So.2d 398 (Fla.1988); Lobik v. State, 506 So.2d 1077 (Fla. 2d DCA 1987); State v. Wassel, 502 So.2d 476 (Fla. 3d DCA 1987); State v. Bonamy, 409 So.2d 518 (Fla. 5th DCA 1982). See also State v. I.A., 527 So.2d 947 (Fla. 3d DCA 1988); State v. Borges, 467 So.2d 375 (Fla. 2d DCA), rev. denied, 476 So.2d 672 (Fla.1985); State v. Fraser, 426 So.2d 46 (Fla. 5th DCA 1982), rev. denied, 436 So.2d 98 (Fla.1983).
The defense relies on dicta in State v. Del Gaudio, 445 So.2d 605 (Fla. 3d DCA), rev. denied, 453 So.2d 45 (Fla.1984), recog *332 nizing that where discovery is belatedly furnished so that the defendant may not make use of it in the preparation of his defense before the expiration of the speedy trial time limits, the case may be discharged. However, in Del Gaudio the district court reversed the dismissal of charges where the defendant was not prejudiced by a delay in furnishing material discovery. In State v. Brown, 527 So.2d 209 (Fla. 3d DCA 1988), the court discussed the possible limited circumstances under which a defense motion to continue might not constitute a waiver of speedy trial. The court recognized that if there were circumstances under which a defense motion could be “charged” to the state, it could only be upon evidence that the state had violated discovery rules, coupled with an actual showing that the circumstances, substantially and adversely, affected defense preparation for trial. The court said:
There was no indication whatever that any of these witnesses possessed information which was at all material or would have been used during the trial, much less that it would have been helpful to the defense. To the contrary, the witnesses in question would seem much more likely to have been potential state witnesses. Any state discovery violation could therefore only have assisted Ms. Brown in preventing their use against her. See Del Gaudio, 455 So.2d at 611. Thus, the alleged state derelictions, even if they existed, could not properly result in conferring the boon of outright dismissal upon her. Were the law otherwise, the rule pronounced in Del Gaudio, under which dismissal may not be imposed as a sanction for a discovery violation except in the most extraordinary circumstances directly relating to prejudice to the defendant, would be swallowed up by an exception under which the same violation would result in dismissal through another route, that of the speedy trial rule. We decline to so hold.
Id. at 210 (emphasis in original).
In this case the defendant has not shown, nor was there a finding, that he was forced to seek the continuance because of a discovery violation on a material and substantial matter. See Lobik v. State, 506 So.2d 1077 (Fla. 2d DCA 1987) Gate substitution of a key witness chargeable to state for speedy trial purposes). Nor was there any evidence, or finding, of prejudice to the defendant substantially and adversely affecting his ability to go to trial. In fact, just as in Brown, there is nothing in this record even indicating that the testimony of the driver would help the defendant. There is also no reason to be concerned that the driver’s testimony might harm the defendant, as the defendant retains his rights to exclude such testimony at trial pursuant to Richardson v. State, 246 So.2d 771 (Fla.1971).
Therefore, because the trial (county) court did not err in denying the defendant’s motion for discharge, the writ of prohibition was erroneously entered and is reversed with instructions that the case be remanded to the county court for further proceedings.
GLICKSTEIN and WALDEN, JJ., concur.