NESBITT, Judge.
By common law certiorari, the state seeks review of a decision of the appellate division of the Eleventh Judicial Circuit affirming defendant’s discharge from prosecution in the county court where he had been discharged on the basis that his constitutional right to a speedy trial had been denied. We grant certiorari for the following reasons.
On October 13, 1987, the defendant was charged with various offenses including the failure to drive in a single lane; driving under the influence of alcohol; and driving with no valid driver license. On December 5, 1987, defense counsel filed an appearance and a demand for discovery. On December 17, 1987, it was determined that the public defender had been improperly appointed. A continuance was entered *772 and charged to the defendant. On January 20, 1988, defendant moved for a continuance because a police officer had failed to appear for deposition. This second continuance was also granted but was not charged to the state because nonappearance of a police officer for deposition is ordinarily not chargeable to the state. Granade v. Ader, 530 So.2d 1050 (Pla. 3d DCA), review denied, 541 So.2d 1172 (Fla.1988); State ex rel. Betancourt v. Klein, 354 So.2d 392 (Fla. 3d DCA 1978). The trial was thereafter scheduled for May 11, 1988. However, the court that day was carrying the case load of another county judge and did not reach the case for trial. Consequently, it was carried over. At that time, defense counsel stated on the record: “I have no problem with that. There is no speedy issue.” When the case was again scheduled for trial on June 9, 1988, the defense counsel ore tenus moved for discharge claiming an abridgment of defendant’s constitutional right to a speedy trial; the motion was granted.
The supreme court in Barker v. Wingo, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972) articulated a four-prong test for determining whether a defendant has been deprived of the right to a speedy trial. In such cases, the court must consider: a) the length of the delay, b) the reason for the delay, c) the defendant’s responsibility to assert the right, and d) the prejudice to the defendant. Barker, 407 U.S. at 530-31, 92 S.Ct. at 2191-92, 33 L.Ed.2d at 117. In this case, the pretrial delays were chargeable to the defendant. Furthermore, when the ease was first reached for trial, his trial counsel clearly acquiesced to further postponement. Consequently, there was no evidence whatsoever, either on or off the record of any prejudice to the defendant for failure to try him on the original trial date of June 9, 1988. Once again, as Judge Schwartz observed in State v. Brown, 527 So.2d 209, 210 (Fla. 3d DCA), review denied, 534 So.2d 398 (Fla.1988), the defense has seized “upon an immaterial, utterly non-prejudicial glitch in the prosecution in order to secure, not the speedy trial which [s]he obviously did not want, but a speedy dismissal which the circuit court erroneously granted.”
When the appellate division of the Eleventh Judicial Circuit sits in review of the County Judges’ Court, it does so as a court of error. In this case, the appellate division departed from the essential requirements of the law in affirming the order discharging the defendant below. We are authorized to correct this error by way of common law certiorari. Combs v. State, 436 So.2d 93 (Fla.1983).
For the foregoing reasons, the petition is granted and the decision of the appellate division, Eleventh Judicial Circuit, is quashed with directions to remand the cause for trial.
It is so ordered.