## STATE OF FLORIDA v ECHOLS

Case No. 89-16-AC A02 (County Court Case No. 88-28645-TC A02)

Fifteenth Judicial Circuit, Palm Beach County

December 12, 1989

### APPEARANCES OF COUNSEL

**Robert S. Jaegers, Esquire,** Assistant State Attorney, for appellant.
**Gregory Echols,** pro se.

Before CARLISLE, MILLER, COHEN, JJ.

### OPINION OF THE COURT

CARLISLE, J.

BY ORDER OF THE COURT.

The issue in this case is whether the trial court erred in dismissing the charge on grounds of speedy trial. In short, defendant moved for a continuance in order to depose a witness (Golson) discovered through the deposition of another witness, Karmelian. Golson's name had not been furnished in the list of witnesses.

Defendant was arrested on September 27, 1988. Karmelian's name was furnished in the list of witnesses. At deposition he stated he had been relieved as breathalyzer maintenance man and on or about October 26, 1988, had informed the State Attorney's Office that no maintenance had been done for the month of October. Golson did the maintenance in November. Karmelian also testified at deposition that the machine was taken out of service in October because of a mechanical glitch.

Upon learning this the defendant set Golson for deposition, which could not be accomplished before the scheduled trial date. Defendant moved for a continuance, chargeable to the State.

The State's failure to furnish Golson's name was not a Brady violation. It was simply a situation where the defendant deposed a witness whose name had been furnished by the State and learned that there was another witness tangentially involved. He then asked for a continuance to depose that witness. When the continuance was granted he moved for discharge under speedy trial. This case is controlled by *State v Brown,* 527 So.2d 209. The judgment of the trial court must be reversed.

MILLER, COHEN, JJ., concur.