667 So.2d 989 (1996)
The STATE of Florida, Appellant,
v.
Norbert GUZMAN, et al., Appellees.
No. 94-1639.
District Court of Appeal of Florida, Third District.
February 14, 1996.
*990 Robert A. Butterworth, Attorney General, and Paulette R. Taylor, Assistant Attorney General, for appellant.
Michael A. Levin, for appellees.
Before SCHWARTZ, C.J., and HUBBART and NESBITT, JJ.
NESBITT, Judge.
The state appeals a final order dismissing with prejudice the informations filed against Norbert Guzman and Otis Charles, based on a speedy trial violation, resulting from an underlying failure to make discovery. For the reasons discussed, we reverse with directions.
The defendants were taken into custody on May 23, 1993 so that under the ordinary projection of the speedy trial rule, their trial would have commenced not later than November 15, 1993. Various defense motions for discovery were filed and were granted. On August 30, 1993, the defendants filed a motion for a continuance of the trial to be charged to the state. The court, over the defendants' objections, charged it to them. The effect of that order was to determine that the defendants were not continuously available for trial which in turn constituted a waiver of their entitlement to a speedy trial. State v. Brown, 527 So.2d 209, 210 (Fla.3d DCA), rev. denied, 534 So.2d 398 (Fla.1988).
Ultimately, the defendants filed a motion to dismiss claiming willful destruction of evidence, prosecutorial misconduct, and willful refusal to divulge the names and addresses of witnesses. Those motions came before the trial court in a Richardson hearing on February 24, 1994. At that hearing, the assistant state attorney assigned to the case as well as the supervising Metro detective testified. Through these witnesses, the trial court learned that the state had furnished all names and addresses of witnesses it intended to call for trial and that all the names of other witnesses had been furnished to the defendants in police reports or in depositions that had been taken. From the detective, the court learned that surveillance tapes, evidently taken by the Florida Department of Law Enforcement, were thought to have been destroyed. That information was relayed to the assistant state attorney and the detective further testified that the previous week he discovered the tapes and consequently brought them with him to the hearing. The trial court ordered that the tapes be impounded.
After further hearings in the spring of 1994, the court on June 21, 1994 entered an order dismissing with prejudice all the charges against the defendants on the basis that the state had engaged in discovery violations and prosecutorial misconduct. In the same order, the court revisited its August 30, 1993 order and charged that continuance to the state. See Colby v. McNeill, 595 So.2d 115 (Fla.3d DCA), rev. denied, 604 So.2d 487 (Fla.1992).
The order entered by the trial court found that significant discoverable materials had not been furnished by the state which in turn markedly prejudiced the defendants' ability to prepare for trial. We acknowledge that this is the kind of prejudice that must be found and determined by a trial court before the ultimate sanction of dismissal for a discovery violation is visited upon the state. Here, however, the record does not support such findings or conclusions.
First, with respect to the lists of individuals with information relevant to the crimes charged, their names had been disclosed *991 or were otherwise available either in the materials furnished or through the depositions taken during trial preparation. Consequently, the defendants were not prejudiced in their ability to prepare for trial. Sireci v. State, 399 So.2d 964, 969 (Fla.1981), cert. den., 456 U.S. 984, 102 S.Ct.. 2257, 72 L.Ed..2d 862 (1982), overruled on other grounds, Pope v. State, 441 So.2d 1073 (Fla. 1983); Mobley v. State, 327 So.2d 900 (Fla.3d DCA), cert. den., 341 So.2d 292 (Fla.1976).
Secondly, the trial court's finding that the state's failure to provide electronic surveillance tapes, previously thought to have been destroyed, prejudiced the defendants was not supported by the evidence. Clearly, on the evidence before the trial court, the failure to have provided the surveillance tapes was not willful. A finding of willful destruction or withholding by the state was error. More importantly, although the tapes had been impounded, the trial court did not listen or hear a proffer from counsel regarding their content. In this posture, it was impossible to have made a finding that the tapes were inculpatory, exculpatory, inconclusive, or ambiguous. This court has spoken on the issue on several occasions. In State v. Del Gaudio, 445 So.2d 605, 608 (Fla.3d DCA), rev. denied, 453 So.2d 45 (Fla. 1984), the court stated:
Dismissal of an information or indictment is "an action of such magnitude that resort to such a sanction should only be had when no viable alternative exists."
....
The obvious rationale for limiting the sanction of dismissal of criminal charges to only those cases where no other sanction can remedy the prejudice to the defendant is to insure that the public's interest in having persons accused of crimes brought to trial is not sacrificed in the name of punishing a prosecutor's misconduct. And, of course, where a prosecutor's failure to make discovery has not irreparably prejudiced the defendant, the sanction of dismissal punishes the public, not the prosecutor, and results in a windfall to the defendant. [T]he rule authorizing the imposition of sanctions for discovery violations was "never intended to furnish a defendant with a procedural device to escape justice...."
In State v. Brown, 527 So.2d at 210:
As we read these decisions, the asserted rule which permits a dismissal on speedy trial grounds for a defense-moved continuance to a date beyond the applicable period requires, as it must, both (a) an actual state violation of the discovery rules and (b) a showing that late or inadequate discovery was furnished "at a time which will not enable the defendant to make use of it in the preparation of his defense before the expiration of the speedy trial time limits...."
On remand, the trial court is directed to conduct a further hearing with respect to the electronic surveillance tapes. After hearing the tapes, or a stipulation as to their content, and argument of counsel bearing upon defense counsel's need for the tapes in order to adequately prepare for trial, the court shall enter an order as may be appropriate in accordance with the teachings of State v. Brown and State v. Del Gaudio, and, depending on the outcome of that hearing, require that trial commence within ten days from the entry of such order.
Reversed and remanded with directions.