CORRECTED OPINION

FLETCHER, Judge.
Defendant Theodore Zyla [“Zyla”] appeals from a circuit court decision which denied his petition for writ of prohibition challenging a county court order denying his discharge under the speedy trial rule. Fla.R.Crim.P. 3.191. We affirm the circuit court’s denial of Zyla’s petition, finding no error on its part.
The circuit court had before it the question of whether the county court erred when it charged a trial continuance to Zyla, rather than to the State, and denied Zyla’s discharge motion. The county court’s denial order clearly sets forth the events which occurred and correctly applies the appropriate procedural rules and case law to those facts. Zyla has presented no reason that the circuit court should have concluded to the contrary.
This is one of a substantial number of eases we have seen where ostensible state discovery violations are alleged to have re-suited in violations of the speedy trial rule which, in turn, require the discharge of the defendant. Basically, Zyla contends that the State faded to provide him, on a timely basis, certain documents claimed necessary for his defense,[1] thus making necessary a continuance beyond the speedy trial time. As the county judge found, however, in accordance with the procedure established by the state attorney, Zyla’s trial counsel appeared at the state attorney’s office on Friday, February 19, 1993, at 3:20 P.M. in order to obtain copies of documents for Zyla’s case, as well as copies of similar documents for seven other unrelated cases. The request for Zyla’s documents was not prioritized by his counsel even though the ease was set for trial on Wednesday, February 24, 1993 at 9:00 A.M., a few working days later. As Zyla’s trial counsel had been made aware of the established procedure as early as January 13, 1993, it is difficult to understand why he waited until the last possible moment.[2] Whatever the reason, it is insufficient to charge the State with the delay caused by the timing of his request. As stated by the county judge in her order:
“A defendant should not be permitted to wait until the eve of trial, request a large number of documents from the state and then accuse the state of inexcusable delays in providing those documents. Nor, should a defendant be permitted to blame his unreadiness or unavailability for trial on the state, where the defendant is tardy in his discovery request.”
A.98.
The circuit court’s order denying the petition for writ of prohibition is affirmed.

. Intoxilyzer machine maintenance documents.

. Zyla's trial counsel was obviously displeased with the inconvenience of the method of production set up by the State for intoxilyzer documents. The method was later made substantially more convenient; i.e., the intoxilyzer maintenance documents are now readily available in the library in the Richard E. Gerstein Building. Inconvenience, however, does not excuse the delay.