PER CURIAM.
We reverse the order granting defendant Wade Harrill’s petition for a writ of prohibition on speedy trial grounds. The order correctly states that the issue on prohibition was “whether the continuance granted on September 14, 1994 was appropriately charged to [Harrill].”
In this county court prosecution for driving under the influence (“DUI”), the State responded to Harrill’s discovery request on August 25,1994. The State indicated that in accordance with Administrative Memorandum 94-4 of the County Court Criminal Division, the intoxilyzer maintenance documents and logs would be available for inspection and copying in the Justice Building library during regular working hours. Defense counsel waited almost three weeks, from August 25 until September 14 — the day of trial — before going to look at the documents. When defense counsel did so, he found that the maintenance documents for July 1994 were missing from the notebook. On that day — the day of trial — defense counsel informed the State that the July 1994 documents were missing and asked that they be produced.
Harrill appeared before the county court and requested a continuance. Harrill argued that the continuance should be charged to the State because the July 1994 maintenance documents were missing from the documents produced. The county court ruled that since Harrill had taken no action to procure the documents in this ease prior to the date of trial, Harrill would be granted a continuance but it would be a defense continuance. The ruling was correct. If Harrill truly wanted a speedy trial, he should have speedily examined the documents as soon as the state made them available for production.
In granting Harrifl’s petition for writ of prohibition, the circuit court recognized that Harrill had not taken timely action in the present case in order to obtain the July 1994 documents. The circuit court excused this shortcoming by accepting Harrill’s counsel’s *35 argument that on September 7, he had submitted a follow-up request for the July 1994 documents in a different case. However, regardless of what HarrilTs counsel may have done in some other case, it is counsel's obligation to take timely action in this case.
Therefore, the court erred in finding that the continuance was improperly charged to the defense. Zyla v. Cohen, Case No. 95-993, — So.2d - [1996 WL 444176] (Fla. 3d DCA Aug. 7, 1996) (corrected opinion). In sum, the record does not support a finding that Harrill’s defense was prejudiced. See State v. Del Gaudio, 445 So.2d 605, 610 (Fla. 3d DCA) (“The existence of prejudice is the sine qua non for relief from a discovery violation.”), review denied, 453 So.2d 45 (Fla.1984). Therefore, prohibition was improperly granted.
In so holding, we also reverse the portion of the court’s order that declared invalid Administrative Memorandum 94-4.[1]
The order granting the petition for prohibition is reversed and the cause is remanded for further proceedings consistent herewith.
Reversed and remanded.
NESBITT and SHEVIN, JJ., concur.

. The Administrative Memorandum summarized the agreement of the county court judges responsible for DUI cases that maintenance documents and logs for intoxilyzers, and certain other documents, would be maintained on file in the library of the Justice Building during working hours. The purpose was to simplify production of maintenance documents routinely requested of the state in DUI cases. The Administrative Memorandum also stated that if a document was missing, then counsel should so advise the state on a standard form provided for that purpose, and the state would have five working days to supplement the library file.