697 So.2d 1263 (1997)
The STATE of Florida, Appellant,
v.
Rene GUZMAN, Appellee.
No. 96-3301.
District Court of Appeal of Florida, Third District.
July 30, 1997.
*1264 Robert A. Butterworth, Attorney General and Fredericka Sands, Assistant Attorney General, for appellant.
Jacqueline Schwartz, Miami Beach, for appellee.
Before SCHWARTZ, C.J., and COPE and SORONDO, JJ.
SCHWARTZ, Chief Judge.
For at least the sixteenth time, we hold that the rule that a successful defense motion for continuance waives the right to discharge under the speedy trial rule, see generally State ex rel. Butler v. Cullen, 253 So.2d 861 (Fla.1971); Banks v. State, 691 So.2d 490 (Fla. 4th DCA 1997), applies notwithstanding that the motion follows alleged discovery violations by the state. Moore v. State, 697 So.2d 569 (Fla. 3d DCA 1997); State v. Harrill, 679 So.2d 34 (Fla. 3d DCA 1996); Zyla v. Cohen, 686 So.2d 603 (Fla. 3d DCA 1996); Stridiron v. State, 672 So.2d 871 (Fla. 3d DCA 1996); State v. Guzman, 667 So.2d 989 (Fla. 3d DCA 1996); Colby v. McNeill, 595 So.2d 115 (Fla. 3d DCA 1992), review denied, 604 So.2d 487 (Fla.1992); State v. Brown, 527 So.2d 209 (Fla. 3d DCA 1988), review denied, 534 So.2d 398 (Fla.1988); Granade v. Ader, 530 So.2d 1050 (Fla. 3d DCA 1988), review denied, 541 So.2d 1172 (Fla.1988); Passavant v. State, 523 So.2d 660 (Fla. 3d DCA 1988)(per curiam); Stemas v. State, 522 So.2d 401 (Fla. 3d DCA 1988)(per curiam); Prusaski v. State, 522 So.2d 400 (Fla. 3d DCA 1988)(per curiam); State v. Wassel, 502 So.2d 476 (Fla. 3d DCA 1987); State v. Belien, 379 So.2d 446 (Fla. 3d DCA 1980); Homer v. State, 358 So.2d 1176 (Fla. 3d DCA 1978), cert. denied, 364 So.2d 886 (Fla.1978). In this case, the circuit court entered prohibition against the prosecution of a D.U.I. county court case on the ground, as in Harrill, 679 So.2d at 34, and Zyla, 686 So.2d at 603, that the continuance was induced by the state's untimely production of intoxilyzer documents demanded in discovery.
We reverse for two reasons. First, the defendant did not assert his claim to the documents in a manner consistent with a genuine desire to actually secure them for trial. Harrill, 679 So.2d at 34; Zyla, 686 So.2d at 603. More importantly, he failed entirely to show, as is required to justify dismissal, that the discovery violation resulted in cognizable prejudice to his case which was uncorrectable within the speedy trial time. Guzman, 667 So.2d at 989; State v. Joines, 549 So.2d 771 (Fla. 3d DCA 1989); Brown, 527 So.2d at 209, and cases cited. To the contrary, not only, as in Brown, would "[a]ny state discovery violation ... only have assisted ... [the defendant] in [perhaps] preventing" the use of relevant testimony against him at the trial, see 527 So.2d at 210, but, as the county court, after a pre-trial mini-Richardson hearing, correctly held, any prejudice to the defendant's preparation could have been cured by a short continuance to a date still within the speedy trial time. That option was offered by the court but, in its single-minded quest for a speedy dismissal, rather than the speedy trial it disingenuously stated it wanted, was, quite unsurprisingly, rejected by the defense. See Salzero v. State, 697 So.2d 553 (Fla. 3d DCA 1997)(Cope, J., joined by five judges, concurring); State v. Thomas, 659 So.2d 1322 (Fla. 3d DCA 1995)(Cope, J., concurring); Joines, 549 So.2d at 771; Brown, 527 So.2d at 209. *1265 In these circumstances the order in prohibition cannot stand.[1]
Reversed.
SORONDO, J., concurs.
COPE, Judge (specially concurring).
I concur in all except the footnote. The defense had a legitimate grievance in this case because the State failed to produce a requested breath test log, even after being ordered to do so by the trial court. Further, the defense raised the issue of the missing documents with the trial court eight days after receiving the State's incomplete court-ordered production. Finally, it is at least debatable whether the trial court's one-day continuance to allow the defense a chance to research the other cases on the breath test log was reasonable, given defense counsel's explanation of the work to be performed, and given the fact that the trial court's originally-offered two-day continuance was shortened to one day in order to accommodate the State (because the arresting officer was about to go on vacation). The State concedes here that it cannot defend the failure to produce all of the requested documents as ordered.
I concur with the reversal of the writ of prohibition because, if defendant wanted to have both the missing breath test log and also the speedy trial date, it was imperative for defense counsel to seek immediate relief from the trial court upon learning that the log had not been produced.[*] Trial counsel only filed a notice of missing documents, and did not file a motion seeking relief and did not seek an immediate hearing. Defense counsel did not raise the issue of the incomplete court-ordered production until the hearing on the notice of expiration of the speedy trial period. I therefore concur that there was insufficient diligence on the part of the defense, and that this case does not fall within the late discovery rule of State v. Del Gaudio, 445 So.2d 605, 611 (Fla. 3d DCA 1984) ("Where material discovery is furnished at a time which will not enable the defendant to make use of it in the preparation of his defense before the expiration of the speedy trial time limits, the court may properly continue the case to a date beyond those limits, charge the continuance to the State, and thereafter grant the defendant's motion for discharge based on the speedy trial rule violation.") (citation omitted).
While I agree that the writ of prohibition should be reversed, under the circumstances I do not agree with the suggestion that the defense position was frivolous.
NOTES
[1] It seems that nothing we do or say, even in the harshest terms, see Brown, 527 So.2d at 210 (characterizing defense tactics as "spurious"), has much effect on the speedy trial games people play in the Eleventh Circuit. This is probably because, even if the defense efforts eventually prove unsuccessful in this court, the maneuvering along the line almost invariably results in a lengthy delay in the proceedings. Because it is usually favorable to the defense, delay (although second best to outright dismissal) is, ironically enough, what the defendant is often really after in her claims to a "speedy" trial. In an attempt to discourage the continued Mickey Mousing below, we suggest that the circuit court be at least reticent to issue a show cause order which, in prohibition, automatically stays further proceedings in the county court, Fla.R.App.P. 9.100(h) perhaps opting instead, as this court often does, simply to require a response in opposition to the petition. Moreover, we note, and we urge both the state and the circuit court to do the same, that, unlike the underlying criminal proceeding, see State v. Brown, 527 So.2d 207 (Fla. 3d DCA 1987), prohibition is in the nature of a civil remedy, see 35 Fla.Jur.2d Mandamus & Prohibition § 201 (1996), and is therefore subject to the strictures of section 57.105(1), Florida Statutes (1995), both below and on appeal.
[*] It is also true that the defendant did not press this particular discovery request until much of the speedy trial period had elapsed.