HARRIS, Judge.
Jerry S. Brown was charged with driving under the influence, driving while license suspended, and driving in violation of .driver’s license restriction. Upon Brown’s demand for speedy trial, his trial was timely scheduled for October 31, 1996. However, on October 24, Brown learned of a reason to re-cuse his trial judge. Brown delayed filing his motion to disqualify until the date of his trial. His motion was granted and-the original judge ordered that the case be reassigned and set for trial within one week. On November 5, the ease was reassigned. On November 7, Brown filed a notice of speedy trial expiration.
On November 8, the court conducted the “five day hearing.” Brown’s counsel was on vacation and a public defender unfamiliar with his case, appeared for him. The hearing, without objection, was continued until November 14. At the continuation of the hearing, the trial court found, in effect, that Brown’s filing the notice of expiration did not indicate a “bona fide desire” to obtain a speedy trial. See Landry v. State, 666 So.2d 121, 127 (Fla.1995). The trial court found that the delay in filing the motion to disqualify, although timely under the rule, indicated a lack of interest in a quick trial because a change in judge would necessitate some delay — a delay that could have been avoided had Brown filed the motion immediately upon discovering the grounds for disqualification. The court was further concerned that the fact that Brown’s attorney would take a vacation and leave Brown’s defense in the hands of one unfamiliar with his ease when the trial could be immediately set, also indicated a lack of commitment to an early trial. The trial court believed that Brown was seeking an early dismissal rather than a speedy trial and felt “jerked around” by his motion for discharge. See State v. Brown, 527 So.2d 209 (Fla. 3d DCA 1988). The trial court denied Brown’s motion.
The circuit court, by a vote of two to one, granted a writ of prohibition and ordered Brown released. The majority reasoned:
Perhaps the maneuvering by Brown’s attorney was motivated by ill intentions; however, that is not the issue which this court must determine. The actions utilized by Brown’s counsel did not violate the applicable rules of procedure and did not waive Brown’s right to speedy trial. Accordingly, Brown was entitled to discharge when he was not brought to trial within ten days of the date of the hearing on the notice of expiration of speedy trial.
Obviously, the circuit court believed that since the motion for disqualification was filed within the time specified by the rule, it is irrelevant that its delayed filing necessarily delayed the start of the scheduled trial. The circuit court, in effect, held that because the motion was filed within the maximum time authorized by the rule, the trial court could not consider Brown’s deliberately putting off filing a motion that was ripe until the day of trial as an indication that Brown was not serious about having a speedy trial. We disagree and reverse.
In Landry v. State, 666 So.2d 121, 127 (Fla.1995), the supreme court explained the trial court’s obligation once a speedy trial is demanded:
[I]n determining whether a demand is valid-under subdivisions (g) and (j) of rule *404 3.191, the court must consider whether the accused has a “bona fide desire” to obtain a speedy trial and whether the accused “has diligently investigated the case” and “is timely prepared for trial.” (citation omitted.) This determination is primarily an objective one that must be made from the record on a case-by-case basis.
The trial court evaluated the facts and made the determination that Brown made no bona fide effort at speedy trial. Because Brown, although well aware of the grounds for disqualification in time to file the motion and avoid a delay in his scheduled trial, waited until the day of trial to file the motion, which necessarily put off his trial, there is record support for the trial court’s ruling. The fact that Brown’s attorney went on vacation during the period that the matter could have been called up for trial, leaving Brown’s defense in the hands of an unprepared substitute, further supports the trial judge;
REVERSED and REMANDED.
GRIFFIN, C.J., concurs.
DAUKSCH, J., dissents, with opinion.