SCHWARTZ, Chief Judge,
specially concurring in part, dissenting in part.
I of course agree to affirmance of the denial of prohibition in this case, which is now at least the seventeenth time this court has rejected a claim that a defendant was entitled to a speedy trial discharge notwithstanding her own motion for continuance based on an alleged state discovery violation. State v. Guzman, 697 So.2d 1263 (Fla. 3d DCA 1997), and cases cited.
I do not, however, think that we should leave it at that. In my opinion, defense counsel’s actions in the county court were so obviously and disingenuously calculated to secure an outright dismissal, rather than either the discovery in question or a speedy trial, that this appeal constitutes a frivolous attempt to reverse the plainly appropriate rejection of those tactics by both courts below. Accordingly, I would order appellate counsel to show cause why sanctions should not be imposed upon him under Florida Rule of Appellate Procedure 9.410. See Guzman, 697 So.2d at 1266 n. 1.