COBB, J.
The appellant, Levory Hickmon, was convicted after jury trial of possession of a firearm by a convicted felon. Prior to the scheduled trial two attorneys appointed to represent Hickmon were allowed to withdraw because of a conflict of interest and a third moved to withdraw because of the same problem. By the time the conflict problem was resolved the speedy trial time was due to expire within a matter of several days.
The trial court and Hickmon’s last appointed counsel explained to Hickmon that preparation of a defense would be difficult in the short time remaining. Hickmon adamantly refused to waive the speedy trial rule and, in effect, demanded that trial commence the following week. It did-and Hickmon now complains on appeal that he was forced to choose between a speedy trial and effective counsel.
It is apparent that Hickmon was not seeking a speedy trial but, rather, a speedy release. See State v. Guzman, 697 So.2d 1263 (Fla. 3d DCA 1997). A defendant’s insistence on proceeding to a speedy trail, foregoing discovery, should not operate to invalidate his conviction, especially when the state has been guilty of no discovery violation or other misconduct.
We find no merit in Hickmon’s contention that he was entitled to acquittal based upon insufficient circumstantial evidence. The case was properly submitted for jury determination pursuant to State v. Law, 559 So.2d 187, 188 (Fla. 1989).
AFFIRMED.
DAUKSCH and W. SHARP, JJ., concur.