672 So.2d 871 (1996)
Generro STRIDIRON, Appellant,
v.
The STATE of Florida, Appellee.
No. 95-2091.
District Court of Appeal of Florida, Third District.
April 24, 1996.
Bennett H. Brummer, Public Defender, and Julie M. Levitt, Assistant Public Defender, for appellant.
*872 Robert A. Butterworth, Attorney General, and Doquyen T. Nguyen, Assistant Attorney General, for appellee.
Before NESBITT, COPE and FLETCHER, JJ.
FLETCHER, Judge.
Defendant Generro Stridiron entered a plea of nolo contendere to simple possession of cocaine, reserving his right to appeal the issue of whether his right to speedy trial had been compromised. We hold that his right was not compromised and affirm.
It appears that Stridiron was charged with possession with intent to sell or deliver cocaine in violation of section 893.13(1)(a), Florida Statutes (1993). He filed a demand for speedy trial and, subsequently, a notice of expiration of speedy trial, pursuant to Rule 3.191, Florida Rules of Criminal Procedure. The trial court called the case for trial on February 6, 1994, during the "window" period (the 10-day period provided by Rule 3.191(p)(3), Florida Rules of Criminal Procedure), at which time the State advised the court that it would be obtaining a new chemist as a witness. The court noted that the State had violated its discovery obligation, and that while the violation was material, it was inadvertent and could be cured and, thus, was nonprejudicial to Stridiron. Indeed, the parties later agreed that jury selection would start the following morning and the State would provide Stridiron's counsel an opportunity to talk with the new witness at that time.
On February 7, 1994, Stridiron's counsel announced that she had learned that the new chemist had weighed the cocaine rock and it weighed 3.5 grams. She contended that since the cocaine had not previously been weighed, this was a material difference in evidence that prejudiced her ability to prepare for trial. On that basis, she renewed her prior motion to exclude the chemist as a witness. The trial court declined to do so, determining again that the discovery violation, although material, was inadvertent and curable. The trial court asked if Stridiron's counsel wished a continuance which it would grant but not charge to the State. The defense counsel then took a continuance, at which time the State announced it was reducing the charge to simple possession of cocaine. The court set the case over to February 27, 1994.
On February 14, 1994, Stridiron filed a second notice of speedy trial expiration, indicating that he had satisfied all of the requirements under Rule 3.191 entitling him to a discharge. This notice was based on Stridiron's contention that the continuance to February 27, 1994, was involuntarily taken by Stridiron and should have been charged to the State because of its discovery violation. The trial court denied discharge and a nolo contendere plea was entered with the reservation as to the speedy trial issue.
Ordinarily a defendant is not entitled to a discharge under the speedy trial rule even though the defendant is not tried within the relevant trial period, if, at any time during that period, he or she moves for a continuance of the trial date and the motion is granted. See, e.g., State ex. rel. Butler v. Cullen, 253 So.2d 861 (Fla.1971); State v. Toyos, 448 So.2d 1135 (Fla. 3d DCA 1984). An exception to this rule arises where the defendant is not ready for trial because of discovery violations by the State which have impeded the defense's preparations. See, e.g., Colby v. McNeill, 595 So.2d 115 (Fla. 3d DCA), rev. denied, 604 So.2d 487 (Fla.1992).
The controlling factor here, therefore, is whether the State's discovery violations impeded the defense preparations; that is, whether the defense was prejudiced by the discovery violation so that a continuance was in fact required in order for the defense to be prepared properly to defend against the charge before the expiration of the speedy trial time limits. State v. Brown, 527 So.2d 209 (Fla. 3d DCA), rev. denied, 534 So.2d 398 (Fla.1988).
A review of the record reveals that Stridiron gave no indication of why he was prejudiced by the fact that the cocaine rock weighed in at 3.5 grams on February 7, 1994, whereas it had not previously been weighed at all. His appellate brief also fails to point to any possible prejudice. Indeed, the weight of the cocaine rock was not an element *873 of the crime charged and thus could not have materially altered Stridiron's defense. There being no prejudice, Stridiron waived the speedy trial rule when he sought and received the continuance on February 7, 1994. We perceive no error by the trial court.
Affirmed.