729 So.2d 472 (1999)
Carlos Rafael ALVAREZ, Petitioner,
v.
The STATE of Florida, Respondent.
No. 99-348.
District Court of Appeal of Florida, Third District.
March 22, 1999.
Kenneth P. Speiller, Miami, for petitioner.
Robert A. Butterworth, Attorney General, and Fredericka Sands, Assistant Attorney General.
Before COPE, GERSTEN, and GODERICH, JJ.
PER CURIAM.
Carlos Rafael Alvarez ("defendant") seeks a writ prohibiting the trial court from proceeding with his criminal trial claiming that his right to a speedy trial was violated. We grant the writ and direct the trial court to discharge the defendant.
On January 2, 1997, the defendant was charged with grand theft of a vehicle, possession of burglary tools, and loitering. The defendant demanded a speedy trial on October 5, 1998. The trial court set trial for November 16, 1998. Through no fault of the defendant, the trial was subsequently rescheduled for November 30, 1998.
The State was not prepared to go to trial on November 30th and, on December 2nd, the defendant filed a notice of expiration of speedy trial time. A hearing on the defendant's notice was held two days later, at which the trial court reset trial for December 14, 1998 in accordance with Florida Rule of Criminal Procedure 3.191(p)(3). After the new date was set, however, the State notified the court and the defendant that it intended to rely upon "Williams Rule" evidence at trial and supplied the defendant with a list of eleven additional witnesses the State intended to have testify regarding a number of the defendant's collateral acts. This was the first time that the defendant was appraised of these witnesses' identities.
After hearing the defendant's objection to the late notification and the defendant's argument that he could not possibly depose all of the new witnesses or adequately prepare for the additional testimony within the ten-day window period, the court struck the defendant's demand for a speedy trial and reset the trial date for March 1, 1999. In taking this action, the trial court concluded that the State's notification was timely, in accordance *473 with Section 90.404(2)(b)(1), Florida Statutes (1997), and that the defendant's acknowledgment that he could not adequately prepare constituted a waiver of his demand. We disagree.
Section 90.404(2)(b)(1)'s application to the instant facts is limited. It states:
When the state in a criminal action intends to offer evidence of other criminal offenses under paragraph (a), no fewer than 10 days before trial, the state shall furnish to the accused a written statement of the acts or offenses it intends to offer, describing them with the particularity required of an indictment or information.
§ 90.404(2)(b)(1), Fla. Stat. (1997). This provision only addresses when the State must provide a written statement of the "acts or offenses" it intends to offer. It does not address when witness identities must be furnished.
The time for providing a defendant with a list of potential witnesses is addressed in Florida Rule of Criminal Procedure 3.220(b)(1)(A), which states:
(b) Prosecutor's Discovery Obligation.
(1) Within 15 days after service of the Notice of Discovery, the prosecutor shall serve a written Discovery Exhibit which shall disclose to the defendant and permit the defendant to inspect, copy, test, and photograph the following information and material within the state's possession and control:
(A) a list of names and addresses of all persons known to the prosecutor to have information that may be relevant to any offense charged or any defense thereto, or to any similar fact evidence to be presented at trial under section 90.404(2), Florida Statutes ...
Here, the defendant served his Notice of Discovery on January 2, 1997. The State, therefore, was required to provide the defendant with these witnesses' identities within fifteen days of January 2, 1997. Instead, the State waited until December of 1998, and only ten days before trial, to provide the information.
This late disclosure is procedurally deficient and inherently prejudicial to the defendant. The record reveals that, but for the State's discovery violation, the defendant was ready to proceed with trial on December 14th. Because the trial was not held on or by that date, through no fault of the defendant, the defendant is entitled to a discharge. See Fla. R.Crim. P. 3.191(p)(3); Stridiron v. State, 672 So.2d 871 (Fla. 3d DCA 1996).
Accordingly, the petition for writ of prohibition is granted, and the trial court is directed to discharge the defendant from this case.