778 So.2d 505 (2001)
Julio VEGA, Appellant,
v.
The STATE of Florida, Appellee.
No. 3D00-1847.
District Court of Appeal of Florida, Third District.
February 28, 2001.
*506 Bennett H. Brummer, Public Defender, and Marti Rothenberg, Assistant Public Defender, for appellant.
Robert A. Butterworth, Attorney General, and Erin K. Zack, Assistant Attorney General, for appellee.
Before LEVY, FLETCHER, and RAMIREZ, JJ.
PER CURIAM.
Julio Vega appeals the denial of his motion for discharge for speedy trial violation in this criminal prosecution. Because the trial court improperly charged the continuance to Vega, we reverse.
On August 24, 1999, Vega was arrested for using a fraudulent driver's license and counterfeit credit card to obtain a temporary charge card at a Sears store. He was arraigned, entered a plea of not guilty, and filed a demand for discovery on September 10, 1999. The state dropped the charges on September 24, 1999, but re-filed the information on January 4, 2000, charging Vega with seven felonies and a misdemeanor. An arraignment was scheduled on January 25, 2000 for which Vega did not appear due to improper notice. The arraignment was reset for February 8, 2000 for which Vega again did not appear. An alias capias was issued on February 23, 2000, but was vacated the same day because the clerk's office did not have Vega's current home address.[1] Also that same day, which was 183 days after Vega's arrest, Vega's counsel filed a notice of expiration of speedy trial. At the notice hearing the following day, trial was set for Monday, March 6, 2000.
At trial, the state provided Vega with a forty-nine page discovery packet and a notice of video tape. Vega's counsel did not see the video tape nor did he receive a witness list prior to trial. On March 7, 2000, Vega moved to continue the trial and charge the continuance to the state. At the hearing on the motion to continue, the state admitted that it had failed to provide discovery until Friday, March 3, 2000, when the prosecutor faxed it to Vega's counsel. Vega's counsel denied receiving the discovery until the first day of trial on Monday, March 6, 2000. The trial court denied Vega's motion to charge the continuance to the state, and denied Vega's subsequent motion for discharge. Following the denial of his motion, Vega entered a plea of nolo contendere and reserved his right to appeal the issue. He was sentenced to fourteen months in prison on the seven felony counts to run concurrent and to ninety days on the misdemeanor count, for which he received credit for time served.
A defendant should not have to choose between the right to a speedy trial and the right to discovery within sufficient time to adequately prepare for trial. See State v. Del Gaudio, 445 So.2d 605, 611 (Fla. 3d DCA 1984) ("Where material discovery is furnished at a time which will not enable the defendant to make use of it in the preparation of his defense before the expiration of the speedy trial time limits, the court may properly continue the case to a date beyond those limits, charge the continuance to the State, and thereafter grant the defendant's motion for discharge based on the speedy trial rule violation."). In Lobik v. State, 506 So.2d 1077, 1079 (Fla. 2d DCA 1987), the court held that a continuance requested by the defendant should have been charged to the state following the state's substitution of a key witness who presented a story dramatically different from the story of earlier-listed *507 key witnesses. The new state witness was not supplied to defense counsel until five days before trial. In this case, the state never supplied a witness list at all, even on the day of trial.
The trial court relied on State v. Guzman, 697 So.2d 1263, 1264 (Fla. 3d DCA 1997) where the state untimely produced intoxilyzer documents in a D.U.I. case. But in this case, the state failed to provide any discovery until the day of trial, and provided incomplete discovery at that. Thus, we are compelled to reverse with directions to discharge Vega.
Reversed and remanded.
NOTES
[1] Vega had moved, and although he changed his address through the probation office on an unrelated case, he did not change his home address through the clerk's office because this case was closed at the time.