860 So.2d 1061 (2003)
George Lee VON WALDNER, Petitioner,
v.
STATE of Florida, Respondent.
No. 5D03-2909.
District Court of Appeal of Florida, Fifth District.
December 5, 2003.
Hal Uhrig, The Defense Group, Altamonte Springs, for Petitioner.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Pamela J. Koller, Assistant Attorney General, Daytona Beach, for Respondent.
ORFINGER, J.
George Lee Von Waldner ("defendant"), claiming that his right to a speedy trial was violated, seeks a writ prohibiting the trial court from proceeding with his criminal *1062 trial. We grant the writ and direct the trial court to discharge the defendant.
On March 21, 2002, the defendant was arrested on a charge of aggravated assault with a firearm. Pursuant to Florida Rule Criminal Procedure 3.191(a), absent a waiver or an extension of speedy trial, the defendant should have been brought to trial no later than September 12, 2002, one hundred seventy-five days after his arrest. After the State filed an information, the defendant's attorney filed a written plea of not guilty and a notice of intent to participate in discovery on June 4, 2002. As a result, the State was obliged to serve its written discovery response no later than June 19, 2002. See Fla. R.Crim. P. 3.220(b). Inexplicably, the State's response to the defendant's discovery request was not served until September 13, 2002, one day after the expiration of the speedy trial period. At a pretrial conference on September 17, 2002, defense counsel advised the court of the speedy trial issue and the delay in obtaining discovery from the State. Because of the late discovery, the defendant moved to continue the trial, but asked the court to "charge" the continuance to the State. The court agreed to continue the case, but withheld ruling on who to charge the continuance to until it conducted a Richardson[1] hearing at a later date.
On September 30, 2002, the defendant's attorney filed a notice of expiration of speedy trial pursuant to Rule 3.191(h), and, as required, the court conducted a hearing on October 4, 2002. At that hearing, the court set the case for trial on October 14, 2002, the last day of the ten-day recapture window under Rule 3.191(p)(3). At the same time, the court conducted a Richardson hearing, and concluded that the State had committed a discovery violation, albeit inadvertently, and that the State's discovery violation had caused substantial procedural prejudice to the defendant's ability to prepare for trial. In an effort to salvage the State's rapidly sinking ship, the court then said:
All right. Well, this is what my ruling is. Although the State ordinarily doesn't have an obligation to get witnesses in for deposition, Mr. Uhrig (defense counsel), go ahead and schedule depositions between now and the trial date. If you can't get a room for depositions or if you can't get the witnesses in for deposition, then you ask me for a continuance of the trial. And you should assume that unless I hear something pretty astonishing, I'm going to grant the continuance and charge it to the State of Florida. And we won'tat which point, we will not have gotten the case to trial within the directionthe requirements of the Rule, at that point I'll dismiss it fordischarge him on speedy trial. But I'm going to give them one last gasp.
The defendant's counsel immediately undertook to depose all five of the category "A" witnesses listed by the State. Despite defense counsel's best efforts, only one of the five witnesses appeared for deposition prior to the scheduled trial date. When the matter came up for trial on October 14, 2002, the court agreed to the defendant's request to continue the case, but refused to "charge" it to the State, despite its earlier views to the contrary.
On proper demand, the State must furnish discovery to a defendant within sufficient time to allow the defendant to prepare for trial without forfeiting his right to a speedy trial. "If material discovery is not furnished in sufficient time for the defendant to prepare for trial before *1063 the speedy trial time expires, the court may continue the case and charge it to the state even if it results in a later dismissal for violation of the speedy trial rule." Staveley v. State, 744 So.2d 1051, 1053 (Fla. 5th DCA 1999). Ordinarily, a defendant is not entitled to a discharge under the speedy trial rule even though the defendant is not tried within the relevant trial period, if, at any time during the period, he or she moves for a continuance of the trial date and the motion is granted. Stridiron v. State, 672 So.2d 871, 872 (Fla. 3d DCA 1996). But here, the defendant moved for a continuance only after the speedy trial period had already run, not before. The general rule does not apply when, as here, the defendant is not ready for trial because of substantial discovery violations by the State which materially impede the defense's preparation. Colby v. McNeill, 595 So.2d 115, 117 (Fla. 3d DCA 1992).
Here, the State's substantial discovery violation resulted in cognizable prejudice to the defendant, which was uncorrectable within the speedy trial time. The State's late disclosure, after the speedy trial time had run, was both procedurally deficient and inherently prejudicial. Because the trial was not held within the requisite period, through no fault of the defendant, the defendant is entitled to a discharge. See Alvarez v. State, 729 So.2d 472, 473 (Fla. 3d DCA 1999).
Accordingly, the petition for writ of prohibition is granted, and the trial court is directed to discharge the defendant.
PLEUS and MONACO, JJ., concur.
NOTES
[1] Richardson v. State, 246 So.2d 771 (Fla. 1971).