870 So.2d 858 (2004)
The STATE of Florida, Appellant,
v.
Jimmy BURNETT, Appellee.
No. 3D02-2990.
District Court of Appeal of Florida, Third District.
February 4, 2004.
Rehearing and Rehearing Denied April 28, 2004.
*859 Charles J. Crist, Jr., Attorney General and Consuelo Maingot, Assistant Attorney General, for appellant.
John H. Lipinski, Hollywood, for appellee.
Before SCHWARTZ, C.J., and GREEN, and WELLS, JJ.
Rehearing and Rehearing En Banc Denied April 28, 2004.
PER CURIAM.
The State of Florida appeals an order discharging the appellee/defendant pursuant to the speedy trial rule. At issue in this case is whether the dismissal of criminal charges against the defendant was warranted under the speedy trial rule, where the State was dilatory in furnishing certain discovery materials to the defense. Under the facts of this case, we conclude that the dismissal was not warranted. Accordingly, we reverse.
Jimmy Burnett was arrested September 13, 2001 and charged on October 3, 2001 with attempted second degree murder with a firearm and unlawful use of a firearm. At his arraignment on October 4th, the State provided the defense a list of police officers (with their badge numbers) who might be called as witnesses. The very next day, the State provided the defense with additional discovery, including a copy *860 of Burnett's stenographic statement and a copy of a memorandum of one of the detectives.
The State sought and received two trial continuances on December 6, 2001 and again on January 30, 2002 on grounds that the victim was still recovering from his injuries. In the interim, on December 12, 2002, the defense moved to compel the production of police reports. The defense also informed the court that the speedy trial time was set to expire on March 7, 2002, but that it could be ready, if provided with the police reports. The trial court granted the motion and ordered the State to provide the police reports within ten days.
In response, on February 27, 2002, the State provided another witness contact list, which primarily contained the names of civilian witnesses. At a hearing the next day, the defense argued that the State had not complied with the court's order that it provide the police reports, and as a result, the defense was unable to take depositions in the case. The court again ordered the State to provide the defense with the police reports or advise the court why it was unable to do so at a hearing rescheduled for March 12, 2002. Prior to the hearing, defense counsel filed its notices to take the depositions of several police officers on March 21, 2002 and the State provided the defense with two fire rescue reports, the Miranda warning form and the consent to search form.
On March 11, 2002, the defense filed a Notice of Expiration of Speedy Trial Time, which triggered the "recapture period," requiring a hearing within five days and a trial within ten days of the hearing, or not later than March 26, 2002. Fla. R.Crim. P. 3.191.[1] The next day, at the scheduled March 12, 2002 hearing, the State turned over the police reports and listed four new witnesses. The defense attempted to subpoena the State's witnesses during the recapture window period. Many of the witnesses failed to appear.
On March 18, 2002, the trial court held a hearing on the Notice of Expiration of Speedy Trial Time. At this hearing, the *861 defense moved for a trial continuance chargeable to the State because the State had been dilatory in providing the police reports and as a result, it was unable to complete the depositions prior to the scheduled trial date. The court granted the motion and charged the continuance to the State, noting that the case was in the fifth day of the recapture window and was set for trial before a back-up judge on March 25, 2002, with a sounding hearing on March 22, 2002. At the sounding hearing, the defense announced that, although it had completed a number of depositions, it needed a further continuance to finish deposing the remaining witnesses. The defense sought to again charge this continuance to the State. The court initially opined that the continuance should be charged to the defense because counsel had made a tactical decision to delay commencement of the depositions until after it received the police reports. However, the court deferred ruling to permit the back-up trial judge to entertain the motion at the commencement of trial.
The parties appeared for trial and the defense informed the court that it was not ready due to its inability to complete depositions and/or the failure of some of the witnesses to appear as scheduled. Thereafter, it requested a continuance chargeable to the State for its failure to timely furnish the police reports. The court was also informed that the next day, or March 26, 2002, was the fifteenth and final day of the recapture period. The record reflects that the trial court granted a continuance and charged it to the defense.
The following day, the defense filed its motion for discharge, which was handed to the State in open court on April 1, 2002. The State requested and received a two-week extension within which to file its response to the motion. On May 2, 2002, the trial court entered its order discharging Burnett from prosecution on grounds that the State failed to timely provide discovery and/or failed to bring Burnett to trial within the recapture period. This appeal followed.
The purpose of the speedy trial rule is "to promote the efficient operation of the court system and to act as a stimulus to prosecutors to bring defendants to trial as soon as practicable, thus minimizing the hardships placed upon accused persons awaiting trial." Lewis v. State, 357 So.2d 725, 727 (Fla.1978). The rule dictates that a defendant, charged with a felony, be brought to trial within 175 days of arrest.[2] If not, the defendant may file a Notice of Expiration of Speedy Trial Time. Pursuant to the rule, the court must hold a hearing within five days and, if appropriate, order that the defendant be brought to trial within ten days. If the defendant is not brought to trial within that time, through no fault of his own, he is forever discharged from the crime.[3] The fifteen-day period after the initial 175 days, during which the State has its last chance to bring the defendant to trial, is known as *862 the "recapture period," or the "recapture window."
The initial 175-day speedy trial period expired in this case on March 7, 2002, and Burnett filed a notice of expiration on March 11, 2002. Absent a defense continuance, the last date on which the trial could have timely commenced would have been March 26, 2002. Burnett, due to his own motion for a continuance, was not brought to trial by March 26, 2002. This continuance, however, was charged to the defense. Thus, it was the defense that was "unavailable" for trial as defined in Rule 3.191(k),[4] and the strict time constraint of the speedy trial rule were effectively waived. See Rosenwasser v. Smith, 308 So.2d 600, 602 (Fla. 3d DCA 1975).
Burnett nevertheless argues that based upon the State's delay in providing the police reports and our pronouncements in State v. DelGaudio, 445 So.2d 605 (Fla. 3d DCA 1984) and Vega v. State, 778 So.2d 505 (Fla. 3d DCA 2001) that a defendant should not have to choose between the right to a speedy trial and the right to discovery within sufficient time to adequately prepare for trial, that his last request for continuance should have been charged to the State. We disagree.
First of all, in DelGaudio, we held that the dismissal of criminal charges was not an appropriate sanction for the State's delay in furnishing essential discovery material to the defense where the delay had not affected the defendant's ultimate ability to defend against the charges. 445 So.2d 609, 611. We noted that "[t]he key question in a situation in which a discovery violation is alleged is whether or not the defendant was significantly prejudiced by the State's failure to produce the requested evidence...." Id. at 609. Where the State furnishes sufficient discovery, which permits the defendant to use the information in preparation of his defense, before trial, there is no longer any prejudice from the previous delay. Id. at 610. On the other hand, "[w]here material discovery is furnished at a time which will not enable the defendant to make use of it in the preparation of his defense before the expiration of the speedy trial time limits, the court may properly continue the case to a date beyond those limits, charge the continuance to the State, and thereafter grant the defendant's motion for discharge based on the speedy trial rule violation." Id. at 611. It is in this latter instance that we declared that a defendant would not be forced to choose between his right to have discovery and an adequate time to utilize it in preparing for trial and his right to a speedy trial. Id. Thus, in Vega, where the State did not provide the defense with any discovery until the day of trial, we held that the trial court erred in failing to charge the defense's request for a continuance to the State and in thereafter failing to grant the defense motion for discharge. 778 So.2d at 506, 507.
Under the facts of this case, we do not find that the defense was irreparably prejudiced in its trial preparation when it received the requested police reports at least twelve days prior to the expiration of the recapture period. Although the State certainly should have supplied these reports sooner, we note that the defense was timely furnished with the names of the State's civilian and police witnesses. These depositions could (and should) have been commenced well in advance of the recapture *863 period. If it turned out later that there were material discrepancies between the police reports and the deposition testimony, the defense counsel could have sought to impeach those witnesses at trial.
The delay in commencing any depositions until receipt of the police reports was a tactical decision made by defense counsel. In making such a decision, it assumed the risk of scheduling problems with the witnesses for deposition purposes immediately prior to trial. When the defense was unable to complete all of its depositions prior to the last day of the recapture period, the continuance was properly chargeable to the defense the right to a speedy trial was waived. Thus, the defendant was not entitled to a discharge from the charges.
Accordingly, we reverse the order of discharge and remand for further proceedings.
GREEN and WELLS, JJ., concur.
SCHWARTZ, Chief Judge (specially concurring).
I base my vote for reversal upon the simple "rule that a successful defense motion for continuance waives the right to discharge under the speedy trial rule." State v. Guzman, 697 So.2d 1263, 1264 (Fla. 3d DCA 1997). See Moore v. State, 697 So.2d 569 (Fla. 3d DCA 1997); Guzman, 697 So.2d at 1263.
NOTES
[1] The rule provides in pertinent part:

(p) Remedy for Failure to Try Defendant within the Specified Time.
(1) No remedy shall be granted to any defendant under this rule until the court has made the required inquiry under subdivision (j).
(2) At any time after the expiration of the prescribed time period, the defendant may file a separate pleading entitled "Notice of Expiration of Speedy Trial Time," and serve a copy on the prosecuting authority.
(3) No later than 5 days from the date of the filing of a notice of expiration of speedy trial time, the court shall hold a hearing on the notice and, unless the court finds that one of the reasons set forth in subdivision (j) exists, shall order that the defendant be brought to trial within 10 days. A defendant not brought to trial within the 10 day period through no fault of the defendant, on motion of the defendant or the court, shall be forever discharged from the crime.
Fla. R.Crim. P. 3.191(p).
(j) Delay and Continuances; Effect on Motion. If trial of the accused does not commence within the periods of time established by this rule, a pending motion for discharge shall be granted by the court unless it is shown that:
(1) a time extension has been ordered under subdivision (i) and that extension has not expired;
(2) the failure to hold trial is attributable to the accused, a codefendant in the same trial, or their counsel;
(3) the accused was unavailable for trial under subdivision (k); or
(4) the demand referred to in subdivision (g) is invalid.
If the court finds that discharge is not appropriate for reasons under subdivisions (j)(2), (3), or (4), the pending motion for discharge shall be denied, provided, however, that trial shall be scheduled and commence within 90 days of a written or recorded order of denial.
Fla. R.Crim. P. 3.191(j).
[2] The Speedy Trial Rule derives from article I, section 16(a), of the Florida Constitution, which provides that, "[i]n all criminal prosecutions the accused ... shall have the right... to have a speedy and public trial...." The rule provides, in pertinent part:

(a) Speedy Trial without Demand. Except as otherwise provided by this rule ... every person charged with a crime by indictment or information shall be brought to trial ... within 175 days if the crime charged is a felony. If trial is not commenced within [this] time period[ ], the defendant shall be entitled to the appropriate remedy as set forth in subdivision (p). The time periods established by this subdivision shall commence when the person is taken into custody....
Fla. R.Crim. P. 3.191(a).
[3] See note 1, supra.
[4] This subdivision states, in pertinent part:

A person is unavailable for trial if the person or the persons counsel fails to attend a proceeding at which either's presence is required by these rules, or the person or counsel is not ready for trial on the date trial is scheduled.
Fla. R.Crim. P. 3.191(k).