884 So.2d 128 (2004)
STATE of Florida, Appellant,
v.
James K. GILLIAM, Appellee.
No. 2D03-2960.
District Court of Appeal of Florida, Second District.
July 9, 2004.
*129 Charles J. Crist, Jr., Attorney General, Tallahassee, and Anne Sheer Weiner, Assistant Attorney General, Tampa, for Appellant.
James Marion Moorman, Public Defender, and Judith Ellis, Assistant Public Defender, Bartow, for Appellee.
CASANUEVA, Judge.
The State appeals the trial court's dismissal of a criminal prosecution for a violation of Florida Rule of Criminal Procedure 3.191, the speedy trial rule. Because defendant James K. Gilliam was not entitled to discharge under the rule, we reverse and remand with instructions to reinstate the criminal action in the circuit court.
The information charging Mr. Gilliam with felony battery, affray, and possession of a controlled substance was filed on the 162d day after his arrest. On the 176th day, defense counsel filed a notice of expiration of speedy trial time pursuant to rule 3.191(h). This triggered a hearing, which was timely held in this case. At the hearing, defense counsel told the court that the defense was not prepared for trial because requested discovery still had not been provided by the State, that his client had not yet been arraigned, and, further, that he was unsure of his client's whereabouts. He advised the court that he filed the notice of expiration because he felt obligated to do so, to protect his client's speedy trial rights, when the speedy trial period ran; but he added that he was not requesting a trial. Ultimately, when no trial commenced within the fifteen-day recapture period,[1] defense counsel moved for discharge. Over the State's objection, the trial court granted the defense motion and discharged Mr. Gilliam.
The purpose of rule 3.191 is to provide a procedural framework for the protection of an accused's speedy trial rights. The rule's protections differ from those afforded by the constitutional speedy trial doctrine. The two are not coextensive. Only the procedures under the rule are implicated in this case.
Rule 3.191 permits an accused to file a notice that the 175-day speedy trial period has expired. When such notice is filed, two procedural requirements are imposed on the trial court. First, a hearing on the notice must be held within five days. Second, "unless the court finds that one of the reasons set forth in subdivision (j) exists, [the court] shall order that the defendant be brought to trial within 10 days"; a defendant not properly brought to trial within the ten-day period "shall be forever discharged from the crime." Fla. R.Crim. P. 3.191(p)(3).
The resolution of this case is governed by our supreme court's recent decision in State v. Naveira, 873 So.2d 300 (Fla.2004). In Naveira, Justice Cantero, writing for the majority, succinctly phrased the issue:
We must decide whether, when the State files a charging document on the last day of the speedy trial period and the defendant invokes his right to a *130 speedy trial by filing a notice of expiration of the speedy trial period, but later moves for a continuance based on insufficient time to prepare for trial, the continuance should be charged to the State (thus discharging the defendant) or to the defendant.
Id. at 302. The court concluded that the defendant's rule 3.191 right to a speedy trial was not violated "where trial was scheduled within the rule's deadlines and the defendant sought a continuance because he was not prepared for trial." Id.
In Naveira, the State filed the information and provided discovery on the 175th day of the speedy trial time period, the last possible day. Id. at 305 ("Essentially, then, the speedy trial deadline also acts as the deadline for charging the defendant."). Naveira filed his notice of expiration of speedy trial five days later. Two days after that, at the hearing on his notice required by rule 3.191(p)(3), Naveira requested a continuance because the defense was unprepared for trial due to the State's tardy filing of the information and providing discovery. Because of the State's delay, he wanted the continuance charged to the State. The trial court agreed and granted the continuance, charging it to the State. Because the rule's deadlines expired without trial commencing, the trial court granted Naveira's subsequent motion for discharge. The First District affirmed the trial court, holding that the State's tardy filings, although within the 175-day speedy trial period, had forced the defendant to request a continuance. State v. Naveira, 807 So.2d 766, 767 (Fla. 1st DCA 2002). In reversing, the supreme court noted two critical facts: the defendant was not ready for trial within the time period he triggered by filing his notice of expiration of speedy trial, and he had requested a continuance. Based on these facts, the supreme court deemed him "unavailable for trial" as set forth in rule 3.191(k) and not entitled to discharge. 873 So.2d at 306.
The supreme court explained that when defense counsel files a notice under the rule that the 175-day speedy trial requirement has expired, it is a signal that the defendant is prepared and desires the setting of a trial:
When Naveira filed his notice of expiration, he was on notice that the trial court would hold a hearing within five days and a trial within ten days. Under the rule, he received the right to an immediate trial. He declined to exercise that right, as was his prerogative. But he cannot now protest that his right to a speedy trial was violated. Although we sympathize with the defendant's position in this case, the fact remains that under rule 3.191, Naveira's right to speedy trial existed until he declined to exercise it. Naveira was not compelled, as the dissent asserts, to abandon his right to a speedy trial.
873 So.2d at 308.
The rationale of Naveira applies in Mr. Gilliam's analogous factual situation. At the hearing on his notice of expiration of speedy trial, Mr. Gilliam, through counsel, advised the court that for several reasons, including being unprepared for trial, he was neither requesting nor demanding his right to a trial pursuant to rule 3.191, despite his filing of the notice of expiration. But, according to Naveira, he was demanding his right to an immediate trial by filing the notice of expiration. Like the defendant in Naveira, Mr. Gilliam was being afforded his procedural right to an immediate trial within fifteen days, but he declined to exercise that right. Therefore, he cannot successfully assert that his right to a speedy trial under the rule was violated.
*131 The trial court, not having had the advantage of Naveira when it ruled, erred in discharging Mr. Gilliam. We reverse and remand for further proceedings.
SILBERMAN and CANADY, JJ., concur.
NOTES
[1] The transcripts of the various hearings held in this case do not show a specific ruling granting a continuance and charging it to the State. At various points the trial court and the assistant state attorney suggested that defense counsel so move, but defense counsel never actually did so. The trial court finally told defense counsel, "I'm not going to force you to go to trial now. When the fifteen days elapse, we'll deal with it, OK?" However, all parties governed themselves and the proceedings culminated as if a continuance had been charged to the State.