933 So.2d 1263 (2006)
Jorge Miguel RODRIGUEZ, Petitioner,
v.
The STATE of Florida, Respondent.
No. 3D06-4.
District Court of Appeal of Florida, Third District.
July 26, 2006.
Santiago Lavandera, Miami, for petitioner.
Charles J. Crist, Jr., Attorney General, and Michael E. Hantman, Assistant Attorney General, for respondent.
*1264 Before SUAREZ and CORTIÑAS, JJ., and SCHWARTZ, Senior Judge.
SUAREZ, J.
Defendant seeks a writ of prohibition claiming the State failed to bring him to a speedy trial pursuant to Florida Rule of Criminal Procedure 3.191, and that the trial court erred in denying his motion for discharge. We deny the defendant's petition for writ of prohibition.
The defendant was arrested on February 11, 2003. On March 13, 2003, the State charged him by information with trafficking in amphetamines. On that same date, his counsel made a written demand for discovery. The State failed to provide the discovery and the defendant made a second request for discovery on April 18, 2003. At the May 23, 2003, calendar sounding, the State acknowledged that it had not yet provided defense counsel with discovery, and handed discovery to defense counsel in open court. The State said it was not ready to proceed to trial. The court ordered a joint continuance and set the case for report for July 25, 2003. The natural speedy trial period expired on August 5, 2003. Defendant filed a notice of expiration of speedy trial time on September 4, 2003, and the trial court struck the notice due to the May 23, 2003, joint continuance. Defendant argues that he did not waive his right to a speedy trial because the May 23, 2003, joint continuance should have been charged only against the State.
We deny the petition for writ of prohibition. The defendant did not file a motion to compel discovery prior to May 23, 2003, and failed to inform the trial judge at the May 23, 2003, hearing that he was ready to proceed to trial at that time. The defendant filed a motion to compel discovery several months after the sounding, indicating that the defendant was not ready for trial in May. If the defendant both needed the discovery in question and wanted to keep the speedy trial date, it was imperative for defense counsel to have sought immediate relief from the court once discovery was overdue. Therefore, the court was correct in charging the continuance as a joint continuance and in later denying the defendant's motion for discharge. See State v. Guzman, 697 So.2d 1263 (Fla. 3d DCA 1997) (Cope, J., specially concurring).
Petition for writ of prohibition denied.