COPE, J.
This is a State appeal of an order discharging the juvenile, T.G., under the juvenile version of the speedy trial rule. See Fla. R. Juv. P. 8.090. After trial had been set in the window period, see id. R. *1184 8.090(m), the State provided late discovery to the defense, immediately prior to the trial date. Finding material prejudice to T.G., the court granted the defendant’s motion for a continuance to be charged to the State, and subsequently discharged the defendant. We affirm on authority of Vega v. State, 778 So.2d 505 (Fla. 3d DCA 2001); Alvarez v. State, 729 So.2d 472 (Fla. 3d DCA 1999); and State v. Del Gaudio, 445 So.2d 605 (Fla. 3d DCA 1984). See generally Stridiron v. State, 672 So.2d 871 (Fla. 3d DCA 1996); Colby v. McNeill, 595 So.2d 115 (Fla. 3d DCA 1992); Granade v. Ader, 530 So.2d 1050 (Fla. 3d DCA 1988).
We have carefully considered the position of the dissenting opinion but cannot agree with the legal analysis therein. The dissenting opinion suggests that any defense motion for continuance waives the benefit of the speedy trial rule, regardless of how belated the discovery may be. Respectfully, that is not the state of the law.
The Florida Supreme Court has spoken to the issue. The Court said that “[as] a general rule, a defense request for continuance, absent state misconduct, inexcusable delay in providing discovery, or other violation of defense discovery rights, waives the 175 day ‘speedy trial’ time and the defendant’s right to discharge .... ” State v. Naveira, 873 So.2d 300, 307 (Fla.2004) (quoting Banks v. State, 691 So.2d 490, 491 (Fla. 4th DCA 1997) (en banc)) (emphasis added).
Thus the general rule (that a defense continuance waives the benefit of the speedy trial period) has exceptions. In appropriate circumstances a defense continuance does not waive the speedy trial rule where there has been an inexcusable delay in providing discovery, or other violation of defense discovery rights. Naveira, 873 So.2d at 307.
Abundant case law addresses the general rule and the exceptions. The State’s brief in this appeal discussed representative cases as follows:
Pursuant to State v. Del Gaudio, 445 So.2d 605 (Fla. 3d DCA 1984):
Where material discovery is furnished at a time which will not enable the defendant to make use of it in the preparation of his defense before the expiration of the speedy trial time limits, the court may properly continue the case to a date beyond those limits, charge the continuance to the State, and thereafter grant the defendant’s motion for discharge based on the speedy trial violation.
Id. at 611. Once it is found that the state was late in providing discovery, “the key question ... is whether or not the defendant was significantly prejudiced by the State’s failure to produce the requested evidence.” State v. Burnett, 870 So.2d 858, 862 (Fla. 3d DCA 2004) (quoting Del Gaudio, 445 So.2d at 609). Previous decisions have found that a discovery violation can be prejudicial and result in the dismissal of charges, when the state fails to provide any discovery until a time period close to the trial date. See Alvarez v. State, 729 So.2d 472 (Fla. 3d DCA 1999) (holding that the state’s late filing of initial discovery, ten days before trial, was inherently prejudicial to the defendant, and that the defendant was entitled to a discharge); Vega [v. State], 778 So.2d 505 (Fla. 3d DCA 2001) (holding that dismissal of charges was appropriate where the state failed to provide discovery until the day of trial, and the discovery provided was incomplete). However, if the defendant’s actions contributed to the case not being tried within the speedy trial time period, then the defen *1185 dant has failed to demonstrate prejudice.
Initial Brief of Appellant at 9-10.
In this case, the defense followed the Del Gaudio procedure by filing a motion for a continuance to be charged to the State. After a hearing, the motion was granted and the trial was continued to a date outside of the recapture period. Thereafter the trial court granted the defense motion for discharge.
The trial court’s factual determinations are renewable by us for abuse of discretion, and no abuse of that discretion has been shown here. The trial court found, in substance, that the discovery was inexcusably late, substantial, and prejudicial to the defense. Exclusion of evidence was not an effective remedy where the late-disclosed discovery pointed toward evidence and witnesses which tended to exculpate the respondent, but which counsel could not reasonably develop on the eve of trial — which was during the window period. The trial court’s findings and rulings conformed to the requirements of the case law.
The procedure followed by the trial court has been approved by this court in such cases as Vega, 778 So.2d at 506-07, Alvarez, 729 So.2d at 472-73, State v. Guzman, 667 So.2d 989 (Fla. 3d DCA 1996), and State v. Koch, 605 So.2d 519 (Fla. 3d DCA 1992).
The dissenting opinion cites the 1997 opinion in State v. Guzman, 697 So.2d 1263 (Fla. 3d DCA 1997), as saying: “[W]e hold that the rule that a successful defense motion for continuance waives the right to discharge under the speedy trial rule applies notwithstanding that the motion follows alleged discovery violations by the state.” Id. at 1264 (citations omitted). But that is merely a statement that the panel was applying the general rule (defense continuance waives benefit of speedy trial rule), not the exception (no waiver where there has been inexcusable delay in providing discovery, or other violation of defense discovery rights). See Naveira, 873 So.2d at 307. The Guzman opinion went on to explain why, under the circumstances of the case, the defendant was not entitled to relief. 697 So.2d at 1264-65.
If there was any doubt about how to interpret Guzman, the doubt is quickly dispelled by reading the cases collected therein. The second case cited in the Guzman opinion is Banks v. State, 691 So.2d 490, 491 (Fla. 4th DCA 1997) (en banc)— which recites both the general rule and exception — and is the decision quoted by the Florida Supreme Court in Naveira, 873 So.2d at 307. Guzman, 697 So.2d at 1264. The Guzman opinion goes on to collect other decisions of this court which state both the general rule and the exception: State v. Guzman, 667 So.2d at 990-91; Stridiron v. State, 672 So.2d at 872; Colby v. McNeill, 595 So.2d at 117; and Granade v. Ader, 530 So.2d at 1051. Guzman, 697 So.2d at 1264. After the Guzman decision, this court reiterated the general rule and exception in Vega v. State, 778 So.2d at 506-07.
The dissenting opinion relies on State v. Gilliam, 884 So.2d 128 (Fla. 2d DCA 2004), but that case is inapplicable. In Gilliam, defense counsel told the court that he had filed a notice of expiration of the speedy trial period in order to protect his client’s speedy trial rights, but he was unsure of his client’s whereabouts and was not requesting a trial. While the State had not provided certain discovery which had been requested, it is clear that the defense was not prejudiced in light of the fact that the attorney had not located his client. Under those circumstances, a discharge under the speedy trial rule was denied. The Gilliam case is not applicable here.
*1186 In conclusion, the Florida Supreme Court and this court have stated that in speedy trial matters, there is a general rule (defense continuance waives benefit of speedy trial rule) and, so far as pertinent here, an exception (no waiver where there has been inexcusable delay in providing discovery, or other violation of defense discovery rights). The exception is applicable here.
Affirmed.
SUAREZ, J., concurs.