CORTINAS, J.
(dissenting).
I respectfully dissent and would reverse because: (1) T.G.’s right to a speedy trial was not violated under State v. Naveira, 873 So.2d 300 (Fla.2004) and State v. Gilliam, 884 So.2d 128 (Fla. 2d DCA 2004); and (2) the lower court abused its discretion by resorting to the extreme sanction of dismissal without considering lesser alternative remedies for the State’s alleged discovery violation.
In Naveira, the Florida Supreme Court held that a defendant’s right to a speedy trial was not violated where: (1) the defendant invoked the speedy trial rule; (2) trial was scheduled within the rule’s recapture provisions; and (3) the trial was not held within the recapture provision solely because of the defendant’s own motion for continuance. Naveira, 873 So.2d at 310.[1]
While Naveira addressed a situation where the State filed a charging document on the last day of the speedy trial period, the case at hand is factually analogous to Gilliam. In Gilliam, the defendant had filed a notice of expiration of speedy trial time, which triggered a hearing. Gilliam, 884 So.2d at 129. At this hearing, defense counsel informed the court that, because the requested discovery had not yet been provided by the State, the defense was not prepared for trial. Id. The Second District held that:
The rationale of Naveira applies in Mr. Gilliam’s analogous factual situation. At the hearing on his notice of expiration of speedy trial, Mr. Gilliam, through counsel, advised the court that for several reasons, including being unprepared for trial, he was neither requesting nor demanding his right to a trial pursuant to rule 3.191, despite his filing of the notice of expiration. But, according to Na-veira, he was demanding his right to an immediate trial by filing the notice of expiration. Like the defendant in Na-veira, Mr. Gilliam was being afforded his procedural right to an immediate trial within fifteen days, but he declined to exercise that right. Therefore, he cannot successfully assert that his right to a speedy trial under the rule was violated.
Id. at 130.
As in Naveira and Gilliam, T.G. invoked the speedy trial rule by filing a notice of expiration of the speedy trial time limitation. In doing so, he asserted his right to an immediate trial. See Gilliam, 884 So.2d at 130 (“[W]hen defense counsel files *1187 a notice under the rule that the ... speedy trial requirement has expired, it is a signal that the defendant is prepared and desires the setting of a trial.... ”). By filing the expiration notice, T.G. was made aware that a hearing would be held within five days and that he would be brought to trial within ten days. See Fla. R.Crim. P. 3.191(p)(3). The lower court then set a date for trial within the recapture provision of rule 3.191(p)(3). Subsequently, T.G. filed for a continuance on the day trial was set to begin, announcing that he was not prepared for trial. T.G.’s “right to speedy trial under rule 3.191, Florida Rules of Criminal Procedure, was not violated ... where trial was scheduled within the rule’s deadlines and the defendant sought a continuance because he was not prepared for trial.” Naveira, 873 So.2d at 302.
The record in this case reveals that T.G.’s actual objective in requesting a state-charged continuance was not a speedy trial but, rather, a “speedy dismissal.” See State v. Guzman, 697 So.2d 1263, 1264 (Fla. 3d DCA 1997); see also Naveira, 873 So.2d at 302 (noting that a state-charged continuance has the same effect as a discharge). During the hearing on the defendant’s motion for a continuance, defense counsel stated: “And what I’m asking for, Your Honor, is I’m asking for an excused State charged continuance that this case be set sometime in December to give me an opportunity to prepare this case properly for trial.” (emphasis added). In her closing argument at the hearing on T.G.’s motion for a state-charged continuance, defense counsel stated, “So what I’m asking the Court to do is to set this case for trial beyond the speedy trial time period. I’m asking for a December trial date, which would give me an opportunity to do all of the things that I need to do, all of the motions.” Then, after the trial court granted T.G.’s motion for a continuance, defense counsel filed a motion for discharge ten days later.
A defense motion for an “excused” state-charged continuance cannot be used to circuitously procure the extreme prosecutorial sanction of discharge. See State v. Del Gaudio, 445 So.2d 605, 608 (Fla. 3d DCA 1984) (finding that the imposition of sanctions, such as charging a continuance to the State in response to the State’s alleged discovery violations, “was ‘never intended to furnish a defendant with a procedural device to escape justice.’ ”) (quoting Richardson v. State, 246 So.2d 771, 774 (Fla.1971)); see also Guzman, 697 So.2d at 1264 (“[A]ny prejudice to the defendant’s preparation could have been cured by a short continuance to a date still within the speedy trial time. That option ... in its single-minded quest for a speedy dismissal, rather than the speedy trial it disingenuously stated it wanted, was, quite unsurprisingly, rejected by the defense.”). Here, the defense asked for an “excused” state-charged continuance, which can only be interpreted as a waiver of the speedy trial requirement. Also, the fact that the defense sought an “excused” continuance also explains why the trial judge allowed the continuance and set the case for trial four months after the speedy trial time limits without addressing potential remedies for the late discovery within the speedy trial period.
By granting a discharge to a defendant who was not prepared for trial, the trial court contradicted both the policy against the use of dismissal of charges as a prose-cutorial sanction and the plain language of rule 3.191 which states that:
(j) Delay and Continuances; Effect on Motion. ... [A] pending motion for discharge shall be granted by the court unless it is shown that ...
*1188 (3) the accused was unavailable for trial under subdivision (k)....
[[Image here]]
(k) Availability for Trial. A person is unavailable for trial if ... the person or counsel is not ready for trial on the date trial is scheduled. A person who has not been available for trial during the term provided for in this rule is not entitled to be discharged.
Fla. R.Crim. P. 3.191(j)-(k) (emphasis added).
Thus, under this rule, a party who successfully moves for a continuance of the trial date is hardly “available.” Moreover, the rule expressly forbids a discharge where the defendant is not available for trial during the speedy trial time period. Here, as in Naveira and Gilliam, “the defendant was not ready for trial within the time period he triggered by filing his notice of expiration of speedy trial.... ” Gilliam, 884 So.2d at 130. By moving for a continuance, T.G. declined to exercise his right to an immediate trial within the recapture period. “Therefore, he cannot successfully assert that his right to a speedy trial under the rule was violated.” Id.
Nevertheless, almost by judicial fiat, the majority decree that this case falls within the very rare and extraordinary situation where the State’s delayed discovery cannot be cured by a remedy other than the extreme sanction of dismissal. The majority, like the trial judge, ignore whether any lesser sanction, short of dismissal, was available. The record in this case clearly shows that the trial court did not even consider or evaluate any lesser sanctions. Instead, the trial court erred by resorting to the extreme sanction of discharge without considering lesser alternative remedies. State v. Carpenter, 899 So.2d 1176, 1182 (Fla. 3d DCA 2005) (“Dismissal of an information is ... an extreme sanction that should be used with caution, and only when a lesser sanction would not achieve the desired result.”) (citing State v. Thomas, 622 So.2d 174, 175 (Fla. 5th DCA 1993)). Lesser sanctions available to the trial court here may have included the exclusion of undisclosed evidence and/or testimony, see Fla. R.Crim. P. 3.220(n), as well as instituting contempt proceedings against the offending attorney. Id. Alternatively, the trial court could simply have denied the continuance and proceeded with trial as scheduled. See Naveira, 873 So.2d at 309. (“A defendant who is compelled to go to trial unprepared may raise his due process rights in the trial court and on appeal.... ”). Lesser available sanctions, short of dismissal, were not addressed by the trial judge and are, of course, glaringly absent from the majority opinion.
Having failed to consider any lesser available remedy for the late discovery, the majority loses sight of the well-established policy against the use of dismissal of charges as a prosecutorial sanction. See, e.g., State v. Rodriguez, 566 So.2d 521, 522 (Fla. 3d DCA 1990) (“Dismissal of charges against a defendant is an extreme sanction to be used only in extraordinary circumstances.”); State v. Lowe, 398 So.2d 962, 963 (Fla. 4th DCA 1981) (“[Discharge of a defendant in a criminal case is an action of such magnitude that resort to such a sanction should only be had when no viable alternative exists.”); State v. Smith, 342 So.2d 1094, 1095 (Fla. 2d DCA 1977) (“[Djismissal of the charges against a defendant ... is an extreme sanction that should only be utilized with caution after a great deal of deliberation.”). The rationale for limiting the use of this sanction “to only those cases where no other sanction can remedy the prejudice to the defendant is to insure that the public’s interest in having persons accused of crimes brought *1189 to trial is not sacrificed in the name of punishing a prosecutor’s misconduct.” Carpenter, 899 So.2d at 1182-83.
Because T.G.’s right to a speedy trial was not violated and because the lower court failed to consider alternative sanctions less severe than dismissal, I would reverse and remand for trial on the basis that the lower court erred by dismissing the charges against T.G. See also Guzman, 697 So.2d at 1264 (“For at least the sixteenth time, we hold that the rule that a successful defense motion for continuance waives the right to discharge under the speedy trial rule applies not withstanding that the motion follows alleged discovery violations by the state”) (citations omitted).

. Naveira and Gilliam represent two of the many efforts to curb the use of dismissal of charges as a prosecutorial sanction. See also, State v. Matos, 589 So.2d 1022, 1023 (Fla. 3d DCA 1991) (holding that dismissal of charges was an inappropriate sanction for the State's inadvertent mistake, which prevented the defense from questioning a material witness); State v. Pautier, 548 So.2d 709, 712 (Fla. 3d DCA 1989) (holding that dismissal of charges was an inappropriate sanction for the State's failure to produce an informant where viable alternatives to dismissal existed and where the State was negligent but not willfully non-compliant); State v. Vixamar, 687 So.2d 300, 303 (Fla. 4th DCA 1997) (holding that dismissal of charges was an inappropriate sanction for the State’s failure to adhere to a negotiated disposition).