BLACK, Judge.
The State appeals the trial court’s March 2, 2009, order granting Jessie Valdez, Jr.’s motion for discharge based on a violation of Florida Rule of Criminal Procedure 3.191, the speedy trial rule. Because the rule was not violated and Valdez was not entitled to discharge, we reverse and remand for further proceedings.
On January 14, 2009, the 140th day after Valdez’s arrest, the State filed an information charging Valdez with carrying a concealed firearm, possession of a firearm by a convicted felon, resisting an officer without violence, and possession of ammunition by a convicted felon. Pursuant to the speedy trial rule, the State had 175 days from the date of Valdez’s arrest to bring Valdez to trial. Prior to the filing of the information, Valdez filed a notice of discovery; the State had fifteen days from January 14, 2009, the day it filed the information, to provide defense counsel with the •written discovery. See Fla. R.Crim. P. 3.220.
On February 19, 2009, the 176th day after Valdez’s arrest, Valdez filed a written notice of expiration of speedy trial and motion for discharge. On February 25, 2009, the circuit court scheduled Valdez’s trial for March 2, 2009, the eleventh day of the recapture period, and addressed Valdez’s motion to suppress evidence seized under an invalid search warrant. On March 2, 2009, the day of trial, counsel for Valdez made a motion to dismiss for lack of discovery and a motion to continue for lack of discovery, to be charged to the State. The State argued that it had emailed the discovery to defense counsel on February 25, 2009, nearly thirty days late and only five days prior to trial. Valdez’s counsel stated he had not received the email or the discovery and, as a result, he was not prepared for trial. Citing Vega v. State, 778 So.2d 505 (Fla. 3d DCA 2001), counsel for Valdez argued that a defendant should not have to choose between his right to a speedy trial and his right to discovery within a sufficient time to prepare for trial. The trial court denied Valdez’s motion to dismiss; however, relying on Vega, and the fact that the State admitted it had provided discovery only five days prior to trial, the trial court granted the continuance and charged it to the State. At the same time, because Valdez had filed a motion for discharge with his notice of expiration of speedy trial, the trial court granted Valdez’s motion for discharge. The court based its ruling on the incorrect finding that the speedy trial period had expired.
This case turns on the application of the speedy trial and recapture period of rule 3.191. The assertion that the trial court erred in granting Valdez’s motion for discharge is a question of law and is reviewed *186 de novo. See Williams v. State, 946 So.2d 1163 (Fla. 1st DCA 2006).
Valdez was entitled to discharge only if the State failed to bring him to trial within the speedy trial and recapture period of rule 3.191(p)(3). The trial court erred in granting Valdez’s motion for discharge because on the date the court did so, March 2, 2009, the recapture period had not expired. The trial court should have rescheduled the trial for any day between March 2 and March 6, 2009.
Despite his argument otherwise, Valdez was not irreparably prejudiced by the State’s failure to timely provide discovery. “[T]he key question in a situation in which a discovery violation is alleged is whether or not the defendant was significantly prejudiced by the State’s failure to produce the requested evidence.” State v. Burnett, 870 So.2d 858, 862 (Fla. 3d DCA 2004) (quoting State v. DelGaudio, 445 So.2d 605, 609 (Fla. 3d DCA 1984)). As long as discovery is provided in time to allow the defendant to utilize it prior to the expiration of speedy trial, including the recapture period, there is no prejudice. Id. The Burnett court found that the defendant was not irreparably prejudiced in his trial preparation, having received the requested discovery at least twelve days before the expiration of the recapture period. 870 So.2d at 862; cf. Von Waldner v. State, 860 So.2d 1061, 1063 (Fla. 5th DCA 2003) (concluding that the State’s discovery delay resulted in cognizable prejudice which could not be corrected within the speedy trial time period as trial was set on the last day of the recapture period). In Vega, trial was set on the last day of the recapture period and the State provided its discovery at trial, thus giving the court no alternative but to grant Vega’s motion for discharge. Vega is therefore distinguishable from this case.
In this instance, the State claimed the discovery was provided nine days prior to the expiration of the recapture period. The wrinkle here is that counsel for Valdez claimed not to have received the e-mail. However, Valdez was made aware of the State’s witnesses the morning of March 2, 2009 — six police officers, only three of whom were to testify. Valdez had a copy of the police report, search warrant, and enough information to file a motion to suppress prior to the trial date being set. Certainly, Valdez and his counsel were aware of the majority of the State’s witnesses without the State providing any written discovery. Therefore, “any prejudice to the defendant’s preparation could have been cured by a short continuance to a date still within the speedy trial time.” State v. Guzman, 697 So.2d 1263, 1264 (Fla. 3d DCA 1997).
Moreover, if Valdez “both needed the discovery in question and wanted to keep the speedy trial date, it was imperative for defense counsel to have sought immediate relief from the court once discovery was overdue.” See Rodriguez v. State, 933 So.2d 1263, 1264 (Fla. 3d DCA 2006); see also Colby v. McNeill, 595 So.2d 115, 116 (Fla. 3d DCA 1992) (noting defense counsel’s “diligent” efforts to obtain belated discovery). Urging the trial court to charge the continuance to the State, Valdez’s counsel correctly argued there is no procedural requirement that he file a motion to compel. The rules place the burden on the State. However, counsel did nothing to assert his entitlement to the discovery and did not act in a manner consistent with a desire to secure speedy trial. See Guzman, 697 So.2d at 1264.
Ultimately, a defendant should not seek a speedy trial until he is prepared for trial. Landry v. State, 666 So.2d 121, 127 (Fla.1995). When defense counsel files a notice that the 175-day speedy trial re *187 quirement has expired, “it is a signal that the defendant is prepared and desires the setting of a trial.” State v. Gilliam, 884 So.2d 128, 130 (Fla. 2d DCA 2004). Discharging the defendant is an extreme sanction which should be considered only once less severe alternative remedies are considered. State v. T.G., 990 So.2d 1183, 1186 (Fla. 3d DCA 2008) (Cortinas, J., dissenting). Examples of lesser available sanctions would have included: continuing the trial for a period of time so that Valdez’s counsel could depose the State’s witnesses, excluding undisclosed evidence and/or testimony, or denying the continuance and proceeding to trial as scheduled. See id; State v. Naveira, 873 So.2d 300, 309 (Fla.2004) (“A defendant who is compelled to go to trial unprepared may raise his due process rights in the trial court on appeal....”).
Where, as here, there is a sanction available to the trial court that will provide relief to the defendant and permit the State to move forward with its case within the speedy trial and recapture periods provided by the rules, the trial court should not take the harsh action of discharging the defendant.
Accordingly, we reverse and remand with instructions to reinstate the criminal action in the circuit court.
NORTHCUTT and WALLACE, JJ., Concur.