IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

STATE OF FLORIDA,

     Appellant,

v.

DONALD WILSON,

     Appellee.

_____/

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

CASE NO. 1D13-5494

Opinion filed May 12, 2015.

An appeal from the Circuit Court for Hamilton County.
Andrew J. Decker, III, Judge.

Pamela Jo Bondi, Attorney General, and Justin D. Chapman, Assistant Attorney General, Tallahassee, for Appellant.

Justin Wade Blow, Lakewood, Colorado, for Appellee.

RAY, J.

     The State of Florida appeals a speedy trial discharge granted to Donald Wilson after a defense-moved continuance pushed his trial date beyond the speedy trial period and recapture window of Florida Rule of Criminal Procedure 3.191. The trial court charged the continuance to the State upon finding that the defense could not be prepared for trial within the speedy trial deadline due to substantial,

prejudicial discovery violations by the State. We reverse because the record does not establish that the severe sanction of dismissal is warranted.

I.

Wilson was arrested for lewd or lascivious molestation on December 12, 2012, and filed a notice of intent to participate in discovery five days later. He was charged on February 5, 2013, and the State filed its initial discovery exhibit on April 15, 2013. The discovery exhibit was late and incomplete. With discovery still outstanding, the default speedy trial period under Rule 3.191(a) ended on June 5, 2013.

On June 12, 2013, the defense filed a written notice of expiration of speedy trial time and orally requested a hearing to address discovery violations, notifying the court that the State was still providing discovery at that late date. This notice triggered a requirement that the court hold a hearing within five days and, if appropriate based on Rule 3.191 and representations made at the hearing, schedule a trial within ten days of the hearing. Fla. R. Crim. P. 3.191(a), (p). The court scheduled trial to begin within this time frame, known as the recapture window,[1] understanding that the discovery issues would be taken up at a hearing on June 17. In the meantime, on June 14, Wilson filed a motion for a thirty-day continuance to be charged to the State.

---

[1] State v. S.A., 133 So. 3d 506, 507 (Fla. 2014) (holding that the recapture window is calculated as two separate five- and ten-day time periods).

2

After the June 17 hearing, with days remaining in the recapture window, the court granted Wilson's motion, continuing the case to an unspecified date beyond the recapture window, and charged the continuance to the State. The court concluded that the State's delay in providing many discovery items, while unintentional, was inexcusable and substantially prejudiced Wilson's ability to prepare for a timely trial. The court recognized that its decision would result in a speedy trial discharge but found, without analyzing any alternative remedies, that it had no other choice. Some months later, Wilson moved for a speedy trial discharge, which was granted.

## II.

Before granting a State-charged continuance to a date beyond the recapture window, a court should consider three principles. First, a defense-moved continuance should not be charged to the State unless the State has violated a rule. State v. Naveira, 873 So. 2d 300, 309 (Fla. 2004) (holding that when the State filed charges and produced all its discovery on the last day of the speedy trial period, the fact that the defendant needed more than fifteen days to use the discovery did not justify charging a continuance to the State). Second, if any remedy will "provide relief to the defendant and permit the State to move forward with its case within the speedy trial and recapture periods provided by the rules," the trial court must select it. State v. Valdez, 44 So. 3d 184, 187 (Fla. 2d DCA 2010); see also Pura v.

3

State, 789 So. 2d 436, 440 (Fla. 5th DCA 2001) (holding that lesser sanctions must be used to avoid punishing the public); cf. Richardson v. State, 246 So. 2d 771, 774 (Fla. 1971) (noting that the court's sanction authority is not "intended to furnish a defendant with a procedural device to escape justice"). Third, a defendant seeking to take advantage of the speedy trial rule must have acted "in a manner consistent with a desire to secure [a] speedy trial," and not simply a speedy discharge. Valdez, 44 So. 3d at 186; see McKenney v. State, 967 So. 2d 951, 953 (Fla. 3d DCA 2007) (recognizing that a continuance is partially chargeable to both sides when it is necessitated by State discovery violations that could have been corrected earlier upon a proper motion by the defense); State v. Gilliam, 884 So. 2d 128, 130 (Fla. 2d DCA 2004) (holding a speedy trial discharge improper where the defense would not have been ready for trial regardless of the discovery violations). Application of these principles strikes the proper balance between the defendant's discovery rights and the public's interest in the prosecution of criminal cases, while also ensuring that the State's discovery violations, and not gamesmanship, are truly the reason the defendant has not received a trial within the speedy trial limits provided under Rule 3.191.

## III.

Here, the record supports the majority of the court's findings of discovery violations by the State. It does not, however, sufficiently support the court's

decision to cure these violations with a State-charged continuance to a date beyond the recapture window.

As an initial matter, the trial court reversibly erred when it failed to consider whether any prejudice resulting from the State's violations could have been cured with a shorter continuance to a date within the recapture window or perhaps by exclusion of evidence or testimony. See State v. Guzman, 697 So. 2d 1263, 1264 (Fla. 3d DCA 1997) ("any prejudice to the defendant's preparation could have been cured by a short continuance to a date still within the speedy trial time"); Valdez, 44 So. 3d at 187 (noting exclusion of evidence as an example of a lesser sanction); Fla. R. Crim. P. 3.220(b)(3), (n) (providing that a court may strike a witness or exclude evidence not timely disclosed).

Moreover, the trial court's inquiry into whether the discovery violations resulted in prejudice was lacking given the circumstances of this case. For example, the trial court did not ask Wilson's counsel what efforts he made to put the new discovery to use in the time between its receipt and the hearing on the motion for a continuance, or whether the time remaining in the recapture period would be sufficient. Valdez, 44 So. 3d at 186 ("As long as discovery is provided in time to allow the defendant to utilize it prior to the expiration of speedy trial, including the recapture period, there is no prejudice."). In addition, once the court rejected the State's claim not to know the identities of two juvenile witnesses,

5

whom the State had identified in its discovery exhibit only by initials, it could have ordered the State to find those names and provide them promptly. See Von Waldner v. State, 860 So. 2d 1061, 1062 (Fla. 5th DCA 2003) (noting trial court's requirement of State to provide witnesses because of previous discovery violations). Finally, the court could have required Wilson's counsel to prepare for trial with the new information, pending a final decision as to whether the State's violations prevented sufficient preparation. An examination of the situation closer to the end of the recapture window would have allowed the trial court to determine the extent of the prejudice and inquire as to the contents of the new discovery so that it could determine whether the exclusion of evidence would appropriately address the violations. See State v. Nelson, 26 So. 3d 570, 576 (Fla. 2010) (noting that "the recapture period illustrates the principle that a defendant has a right to speedy trial, not a right to speedy discharge without trial"). This type of inquiry is exacting, but it is necessary due to the great cost to the public that is occasioned by a speedy trial discharge. Cf. Richardson, 246 So. 2d at 775 (" '[T]he court's discretion can be properly exercised *only after the court has made an adequate inquiry into all of the surrounding circumstances*.' " (quoting Ramirez v. State, 241 So. 2d 744, 747 (Fla. 4th DCA 1970))).

To a lesser extent, we are concerned that the trial court did not weigh Wilson's failure to seek an order compelling the State to provide missing discovery

6

before the expiration of the speedy trial period. While Wilson's counsel was not aware of all the violations until after that time, the State's failure to provide certain names and addresses was clear from the face of the initial discovery exhibit, which the State provided almost two months before Wilson filed the notice. The defendant cannot properly declare, through a notice of expiration of speedy trial time, that he is ready for trial while knowing that substantial discovery violations have been ongoing for several weeks and not seeking judicial intervention beforehand. See Valdez, 44 So. 3d at 186; Rodriguez v. State, 933 So. 2d 1263, 1264 (Fla. 3d DCA 2006) (failure of defense to file a motion to compel discovery before a joint continuance waived speedy trial).

Ultimately, because the record does not show that a State-charged continuance outside the recapture window was required, we reverse and remand for reinstatement of the criminal action in the circuit court.

LEWIS, CJ., and BENTON, JJ., CONCUR.